ROBERT P. YOUNG, Appellee, v. RIGHT REV. HENRY
COSGROVE *et al.*, Appellants.

1.   **Deeds:** PLAT: CONSTRUCTION.   Where a deed conveyed lots num-
bered 1, 2, 3 and 4 in a block named, which were all of the
lots included in said block, and subsequently by a new plat of said
lots and other property a lot numbered 5, and a strip of land fifty
feet wide without number, was added to the block in which the lots
aforesaid were located, *held,* that the grantees under said deed,
acquired no interest in the strip of land added to said block, and not
designated by any lot number.

2.   ———: ———: VALIDITY.   The invalidity of a plat filed of record as
to certain real estate will not affect the title to real estate conveyed
with reference to the subdivisions designated therein, nor to its use for
the purpose of ascertaining the property intended to be conveyed.

*Appeal from Pottawattamie District Court.*—HON. H. E.
DEEMER, Judge.

MONDAY, OCTOBER 26, 1891.

ACTION to quiet the title of certain city lots in the
plaintiff against the claim of the defendants.   There
was a decree granting the relief prayed for by the plain-
tiff.   The defendants appeal.—*Affirmed.*

*Finley Burke, George W. Hewitt* and *W. H. Ware,*
for appellants.

*D. C. Bloomer* and *Harl & McCabe,* for appellee.

BECK, C. J.—I.   The facts of the case relating to
the conflicting claims of the parties to the real estate in
1. DEEDS: plat: controversy, generally stated, are as fol-
construction.   lows:   The lots in controversy are in
Bayless' addition to the city of Council Bluffs, which
was made before the land was purchased of the govern-
ment, as was also a conveyance to the defendants'
grantors for the lots.   The county judge, under
authority of law, acquired the land of the government

for the purpose of securing it as a part of the town site.
He conveyed the lots, or a part of them, by the descrip-
tion of the plat to the defendants' grantors. The lots
in question claimed by the defendants, four in number,
constituted a block, and were described and designated
in the plat as lots 1, 2, 3 and 4, in block 15. The
defendants' grantors, as we have just said, acquired
title to these lots by deeds describing them as they are
designated on the plat. Subsequently another plat of
the addition was filed covering the same and other land,
and showing another lot, number 5, in block 15, and a
strip of land fifty feet wide, not designated by a num-
ber. After the second plat was filed, lot 5, added to
block 15, by that plat, was conveyed to the plaintiff's
grantors.

II. The defendants claim that the fifty feet in block
15, not designated by a number, should be apportioned
between all of the owners in the block, while the plain-
tiff insists that the defendants' lots are fixed and deter-
mined by the first plat, and that they hold no interest,
right or title, except to the lots 1, 2, 3 and 4, as desig-
nated in the plat. In our opinion, the plaintiff's claim
is correct, and the defendants have no title, right or
interest in any part of the block, except lots 1, 2, 3 and
4, as designated by the first plat. This position is sup-
ported upon the obvious reason that the conveyances to
the defendants' grantors by using the description of
the plat then in existence adopted the descriptions
of that plat, which thus became, in effect, a part of the
conveyance. The defendants thus acquired title only
to lots 1, 2, 3 and 4, which are of the dimensions as
shown by the plat.

III. It is said that the first plat is invalid, not
having been made and filed in accord with the law.
2. —: —:          We need not inquire whether this position
   validity.       be correct. The holder of the title to the
land recognized the plat by following its descriptions,

and thus, as between himself and his grantee, adopted it. Surely, when an instrument is referred to to designate land or give description thereof, we are not required to hold such an instrument valid and regular in order to accept the description it gives. A void deed or a void plat could well describe lands which could be properly and conveniently referred to for such description in deeds conveying them.

These views upon this point dispose of the case, and render unnecessary the consideration of the able, acute and extended argument of counsel upon other branches of the case. The judgment of the district court is AFFIRMED.