# Wytheville.

HUDSON v. MAX MEADOWS LAND AND IMPROVEMENT CO.

JUNE 27, 1901.

Absent, Keith, P.

1. SPECIFIC PERFORMANCE—*Parol Contract—Statute of Frauds—Part Performance—Inability to Perform.*—The acts of part performance relied on to take this case out of the statute of frauds are not shown to be of that positive and substantial character required to bring the case within well recognized principles of equity jurisprudence, and, if they were, the evidence shows that the defendant could not perform the contract in suit, even if required by the court to do so, and this is a bar to specific performance.

Appeal from a decree of the Circuit Court of Wythe county, pronounced January 8, 1901, in a suit in chancery, wherein the appellant was the complainant and the appellee was the defendant.

*Affirmed.*

This case was heretofore before this court on the ruling of the Circuit Court sustaining a demurrer to complainant's bill. 97 Va. 341.

This suit was brought to enforce the specific performance of an alleged parol agreement for an exchange of real estate. The appellant, who was the complainant in the court below, was the owner of a sash and blind factory and several dwelling-houses at Max Meadows which he proposed to exchange for about four hundred and sixty acres of land owned by the land company. The complainant charged that the terms of the contract were fully agreed between them; that the aggregate price to be paid for the land of the company was about $10,880—that is, about 127 acres of woodland at $16.00 per acre, and about 333 acres of

cleared land at $25.50 per acre; that the land company was to take his land at prices agreed on for the different parcels, aggregating $6,600—and he was to pay the difference in cash; that he surrendered possession of a part of his land to the company, and the company gave him immediate possession of the woodland, and agreed to give possession of the cleared land as fast as the tenant gathered his crops; and that such possession was actually given to him of the cleared land as fast as the crops were gathered. He charged that the contract was entered into on behalf of the company by its president, and its superintendent, and that after the contract was entered into they caused the land to be surveyed for him by the company's surveyor. As acts of part performance he charged that he cleared some of the land, hauled wood, chopped timber, cultivated some of the land in corn, and grazed some of it. He charged that the company took possession of the houses belonging to the factory, and the out-houses; that they "took all belting off the machinery; boxed up all the bits and tools, took some of the pulleys off of the shafting and used them at the rolling mills, * * * locked up the planing mill and retained the key," and did other acts of similar nature evincing a claim of ownership over the property received in exchange.

The company denied that any contract had been concluded between the parties, and averred that all that had been said or done was tentative only. It insisted that the proposed exchange was dependent upon each party being able to convey a clear title free of encumbrances, and the approval of the contract by its Board of Directors, and denied its ability to remove the encumbrances on its land, or that a sale of the land would pay the encumbrances thereon. The alleged acts of part performance on the part of the complainant were averred to have been trespasses by the complainant, and those charged on the part of the company were averred to have been acts done at the instance and request of the complainant.

On these points the evidence was conflicting.

The cause was referred to a commissioner to take sundry accounts, amongst others, an account of liens on the company's property. The report of the commissioner, and the evidence taken in pursuance thereof, developed the fact that there were large liens on the property in litigation, *far in excess of its value,* and that there were no other assets out of which the liens could be paid. Under these circumstances the trial court refused to decree specific performance.

*J. H. Fulton,* for the appellant.

*W. B. Kegley,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This is a suit for the specific execution of an alleged parol contract for the sale and exchange of real estate.

The allegations of the original bill are fully set out in the opinion of this court found in 97 Va. 341. The case was then before us upon an appeal from a decree dismissing the bill upon demurrer. That decree was reversed, the court holding that the bill stated a case which entitled the plaintiff to a reference, to ascertain the condition of the title, in order that the court might determine whether or not there was a contract between the parties which a court of equity would enforce. Since the cause was remanded to the Circuit Court depositions have been taken for the plaintiff and defendant, a report upon the title made, and numerous liens audited against the property in question. To this report the plaintiff filed exceptions, and also asked leave to file an amended and supplemental bill. Upon the hearing, the Circuit Court, being of opinion that the complainant was not entitled to a specific execution of the alleged contract, declined to allow the amended and supplemental bill to be filed, and, without passing upon the exceptions to the commissioner's report, dismissed the original bill, but without prejudice to the complainant's right to institute such action as he might be advised to bring in a court of law.

We are of opinion that there is no error in this decree. The acts of part performance relied on to take the alleged parol agreement out of the operation of the statute of frauds are not shown to be of that positive and substantial character which is required to bring this class of cases within the well recognized principles of equity jurisdiction. Fry on Spec. Per., sec. 599; Pom. Spec. Per., secs. 109, 110.

There is, however, a further and more insuperable difficulty in the way of the relief sought in this case. One of the terms of the alleged agreement was that the defendant company should make a clear and unencumbered title to the land exchanged by it. The complainant has not only never waived this condition, but insists upon its performance. The record shows that there are numerous liens aggregating many thousand dollars resting upon the several parcels of land belonging to the defendant company including the tract involved in this controversy. It further shows that the liens resting upon the land in question, as to which there is no exception, amount to more than the alleged purchase price.

The record further shows that to prosecute the enquiry as to whether the defendant company can be put in a position to make a clear and unincumbered title, its affairs, together with those of other corporations, would have to be wound up; mortgages and deeds of trust foreclosed; and controversies and settlements brought into this case having no connection whatever with the original subject matter of controversy. Nor does the record disclose any assurance that the conclusion of this multiform and protracted litigation would find the defendant any better able to comply with the terms of its contract than it now appears to be.

The inability of the defendant to perform the alleged parol agreement, when called upon by the court to do so prevents a decree for its specific performance. *Jones* v. *Tunis, ante* p. 220.

The decree appealed from is affirmed.

*Affirmed.*