[No. 4723.   Decided January 6, 1904.]

W. F. HANKLE, *Respondent,* v. LEWIS H. DENISON *et al.,*
*Appellants.*[1]

SPECIFIC PERFORMANCE—CONTRACT TO SELL LAND—COMPLAINT—
ALLEGATION OF OWNERSHIP.   A complaint in an action for the
specific performance of an agreement to convey land held under
railroad contracts sufficiently alleges defendant's ownership by a
general allegation of ownership, "as evidenced by contracts of
sale" with the railroad company, and is not defective for failing
to state that such contracts of sale were made with the defendant
or were owned by him.

EVIDENCE—HEARSAY—ERROR CURED BY DIRECT TESTIMONY OF
THE STATEMENT.   It is harmless error to receive hearsay testi-
mony of the statement of a party where such party afterwards
confirmed the same by his own testimony.

EVIDENCE—HARMLESS ON TRIAL *de novo.*   The erroneous ad-
mission of evidence is harmless where there is a trial *de novo*
on appeal.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—FINDINGS.
Evidence held to warrant the finding that defendant in an action
for the specific performance of a contract to convey land was
the owner thereof and had placed the title in his daughter for
the purpose of fraudulently concealing his ownership.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered January 5, 1903, upon find-
ings in favor of the plaintiff, after a trial on the merits
before the court without a jury, decreeing the specific per-
formance of a contract to convey land, with $500 damages
for withholding the same.   Affirmed.

*S. C. Hyde* and *Robert Tipton,* for appellants.

*Myers & Warren,* for respondent.

DUNBAR, J.—This action was brought by respondent
against appellants for specific performance of the following
contract and agreement:

[1]Reported in 74 Pac. 822.

"This contract made and entered into by and between L. H. Denison, party of the first part, and W. F. Hankel, party of the second part, both of Wilbur, Lincoln county, Washington, WITNESSETH:

"Whereas said party of the first part has railroad contracts to, and is the owner of, Sec. 35, Tp. 24, R. 32, in Lincoln county, Washington, and desires to sell the same to said party of the second part for the agreed price of five thousand dollars, less the amount due on said contracts and the taxes, and the said second party hereby agrees to pay the said first party said sum for the transfer of said contracts to him, and said payment is to be made by said second party to said first party as follows, towit: One hundred dollars to be paid by said second party as soon as this contract is signed, and the residue of said money is to be paid by said second party to said first party as soon as the transfer of said property is made to said second party and approved by the railroad company. Said second party hereby acknowledges himself to be justly indebted to said first party for the valid consideration in the sum above specified, and hereby agrees to pay the same as above specified. In witness whereof we have hereunto set our hands and seals this 26th day of December, 1901.

"L. H. Denison, party of the first part.
"W. F. Hankle, party of the second part."

The complaint alleges, the making of the contract; the payment of $100 thereon; that plaintiff had been at all times ready and willing to pay the balance of $4,900, less whatever was due to the railroad company upon said contracts, and the taxes thereon; and tendered in court said sum for that purpose; alleges, that the defendant had failed to procure and deliver to plaintiff an assignment of said railroad contracts; that defendant had wholly repudiated said contract; that said land, since making said contract, had enhanced in value and was of the value of $6,400; prayed that the defendant be required to specifically perform said contract, and to procure and deliver to said plaintiff an assignment of said railway contracts; also, prayed

judgment for $500 damages for withholding the contract, and that, in case defendant was unable to comply with the terms of said contract, he then have judgment for the return of the money paid, and for damages in the sum of $2,000.

A demurrer was interposed to the complaint, which was overruled. Defendant answered, denying that he was the owner of the land and the railroad contracts described in the complaint; admitted the making of the agreement; alleged that, at the time said contract was made, said land and railroad contracts were the property of the defendant's minor children, Louis and Oliver, and that the plaintiff knew this at the time of making said contract; denied that plaintiff was at any time unable to comply with his contract, and alleged that he failed and refused to comply with the same; and, for affirmative defense, alleged that his minor children owned the land, and did, at the time the contract sued on was made. Plaintiff, replying, denied the affirmative matter in the answer; and alleged that, if the railroad contracts were in the name of the minors, they had been so arranged for the defendant's convenience. The minors, Louis and Oliver Denison, by guardian, intervened, alleging their ownership of the land and praying that the title to the premises be adjudged in them and their title be quieted.

The court, among other things, found that, at the time of the execution of this contract and at all times since, the defendant was the owner of the real estate therein described; that, when the land was purchased from the Northern Pacific Railway Company, the contract was placed in the name of Ida F. Denison, the daughter of said defendant, who at that time was about sixteen years of age; that the $100 had been paid by the plaintiff as alleged; that, at the time of the commencement of the

action and at all times since, the defendant had, and has had, possession of both the said contracts of purchase from the railway company; that the defendant wholly repudiated his contract of sale made with plaintiff; that, since the execution of the contract, the real estate had greatly enhanced in value, and was, at the time of the commencement of the action, of the value of $9,600; that the defendant stated and covenanted that he was the owner of said real estate, and that plaintiff acted upon said statement and believed in good faith that said defendant was the owner thereof; that the minors, in truth and in fact, never had any interest whatever in said real estate and the contracts of purchase from said Northern Pacific Railroad Company; that said Ida F. Denison, the daughter of defendant, never had any interest whatsoever in said real estate, but that the same was placed in her name by the defendant for the sole purpose of hiding and protecting his ownership therein; that all the claims of said defendant in regard to the ownership of said land by said minors are false and untrue, and are a mere sham and pretense on the part of the said defendant in order to evade the said contract entered into with plaintiff; that, at all times since the purchase of said lands from the railway company, the defendant Denison has had sole and absolute control of the same, has paid all the taxes thereon himself, and has made no accounting whatsoever at any time to his said daughter Ida F. Denison; and concluded, from such findings, and other findings not specially mentioned, that plaintiff was entitled to a decree adjudging that the said defendant immediately deliver to him the said railway contracts covering the land set forth in the contract, and was entitled to a judgment against defendant for his damages in the sum of $500, and for his costs and dis-

bursements; and judgment was entered in accordance therewith. From this judgment this appeal is taken.

The first claim is that the court erred in overruling defendant's demurrer to the complaint. It is asserted that, in an action for specific performance, it is necessary to allege and prove ownership in the defendant; that the ownership in defendant alleged, if such, is evidenced by contracts of sale executed by the railway company; that there is no allegation that the contracts were made with the defendant, or that he was the owner of the same.

We think the demurrer was properly overruled. The first allegation of the complaint is that, on the 26th day of December, 1901, the defendant L. H. Denison was the owner of certain real estate described in the agreement hereinafter mentioned, the same being evidenced by contracts of sale with the Northern Pacific Railroad Company—a distinct allegation of the ownership which would have been sufficient without the concluding clause, "the same being evidenced by contracts of sale," etc. There can be no presumption, after the direct allegation of ownership, that the contracts, which are alleged to evidence the ownership, were not contracts entered into by the company with the defendant or with his assignor. The complaint is a plain statement of facts, and fully meets the requirements of the law, and the cases cited by appellant do not seem to us to have any application to the complaint in question.

The second assignment of error is that the court erred in permitting the plaintiff to testify that Martin told him that one of the contracts had been accepted and one had not, on the ground that such was hearsay testimony. Outside of the fact that the objection to the testimony was a general one, if error at all it is harmless, from the

fact that Martin himself afterwards confirmed the same by his own testimony.

The third and fourth assignments are to the effect that the court erred in admitting certain testimony. Even if this testimony was inadmissible, it would not be reversible error, for the cause is tried *de novo* by this court, and the testimony will not be considered if inadmissible. We think there was no error committed by the court in the admission or rejection of testimony in any respect.

The remaining errors assigned relate to the findings of fact. An investigation of this record satisfies us that the court was justified in reaching the conclusion that it did on the questions of fact, and that the rise in the value of the land was the cause of the refusal of the defendant to perform the contract which he had agreed to perform.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.