[No. 8570. Department Two. February 25, 1910.]

J. H. MORRISEY, *Appellant*, v. OTTO STROM, *Respondent*.[1]

SPECIFIC PERFORMANCE—DEFENDANT'S OWNERSHIP OF LAND—PLEAD-INGS. A complaint in an action to enforce the specific performance of a contract to convey land must allege that the defendant was the owner of the property either at the time the contract was made or at the time of the commencement of the action.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered August 17, 1909, upon sustaining a demurrer to the complaint, dismissing an action for specific performance. Affirmed.

*A. C. Shaw*, for appellant.

*Lovell & Davis*, for respondent.

RUDKIN, C. J.—This was an action to enforce the specific performance of a contract to convey real property. The

[1] Reported in 107 Pac. 191.

court sustained a demurrer to the complaint, and the plaintiff electing to stand on his pleading and refusing to plead further, a judgment of dismissal was entered, from which this appeal is prosecuted. The failure of the complaint to allege that the respondent was the owner of the real property at the date of the agreement to convey or at the time of the commencement of the action is the particular ground upon which the demurrer was sustained.

We have but little sympathy with appeals of this character. If the respondent was not in fact the owner of the property and could not perform his contract, the appellant had no right of action for specific performance. *Morgan v. Bell*, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614. If, on the other hand, the respondent had title and was able to perform his contract, it was an easy matter to obviate the ruling of the court by amendment, whether the ruling was right or wrong. However, the appellant had a legal right to stand on his complaint, and if the complaint states a cause of action, the judgment must be reversed. Decisions on the question thus presented are few in number, for the reason, doubtless, that complaints in such actions almost invariably contain an allegation of ownership in the defendant, either at the time of the execution of the agreement to convey or at the time of the commencement of the action. In vol. 20 of the Ency. of Plead. & Prac., at page 451, the rule is thus stated:

"A bill to enforce the specific performance of a contract to sell to the complainant must aver the defendant's ownership of the property at the time when the contract was made."

This rule seems to be sustained by the authorities cited. See, also, *Manton v. Ray*, 18 R. I. 672, 29 Atl. 998, 49 Am. St. 811. Our own decisions assume that such an allegation is necessary. *Hankle v. Denison*, 34 Wash. 51, 74 Pac. 822; *Newell v. Lamping*, 45 Wash. 304, 88 Pac. 195.

The judgment of the court below is therefore affirmed.

PARKER, MOUNT, CROW, and DUNBAR, JJ., concur.