Submitted on Briefs without argument. Decided October 15, 1912.

WHITNEY COMPANY, LIMITED, *v.* SMITH.*

(126 Pac. 1000.)

Specific Performance—Contract to Purchase—Tender of Payment—Necessity.

1. If a contract vendor denies the existence of the agreement, the purchaser need not tender payment before suing for specific performance.

Appeal and Error—Sufficiency of Complaint—Objection in Trial Court.

2. Objection that a complaint does not state facts sufficient to constitute a cause of action is never waived, and can be raised for the first time on appeal.

Specific Performance—Right to Relief—Possibility of Performance.

3. One is not entitled to specific performance of a contract to convey a fee-simple title, free and clear from liens and incumbrances, if defendant does not possess such title.

Specific Performance—Right to Relief—Adequate Remedy at Law.

4. Suit does not lie to specifically perform a contract to convey, so as to place plaintiff in possession, if he holds a fee-

---

*As to effect of defendant's denial of contract on right to specific performance, see note in 4 L. R. A. (N. S.) 410.        REPORTER.

simple title, and is entitled to immediate possession, since he has an adequate remedy by ejectment.

**Appeal and Error—Disposition of Cause.**
    5. Though it appears on appeal from a decree awarding specific performance that plaintiff is not entitled to the relief for insufficiency of the complaint, the suit will be dismissed without prejudice, if the real merits of the controversy have not been determined.

From Clatsop:    JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by the Whitney Company, Limited, against John Smith, for the specific performance of an agreement, in writing, to convey real property. After alleging its authority to do business as a corporation in the State of Oregon, the complaint states, in substance, that during the year 1902 defendant was in possession and claimed to be the owner of certain described real property in Clatsop County; that subsequently, on December 28, 1903, under proceedings to collect delinquent taxes, the land was sold to the county, which afterwards deeded it to the parties named, who in turn conveyed it to plaintiff on December 21, 1909; and that the plaintiff ever since then has been and now is the owner of the legal title, and entitled to the possession of all the property. It further alleges, however, that the defendant has been in the possession of the property continuously since 1902 up to January 24, 1910, when it made and entered into a contract with him, which is here set out, to wit:

"This is to certify that the undersigned, John Smith, of Albert, Oregon, has this day received from the Whitney Company, Limited, the sum of two hundred and fifty dollars ($250.00) as part payment on the purchase price of the following described real estate situate in the County of Clatsop, State of Oregon, to wit: [Here follows a detailed description of a strip of land 60 feet in width, being 30 feet in width on each side of the center

line of railroad, surveyed for the plaintiff, which it is unnecessary to quote in full.] Balance of said purchase price, to wit, two hundred dollars, shall be paid on or before thirty days from this date. Upon the payment of said sum I hereby covenant, contract and agree to execute and deliver unto the said the Whitney Company, Limited, a good and sufficient deed, conveying unto the said the Whitney Company, Limited, the fee-simple title to all of the above-described real estate and premises free and clear from all liens and incumbrances whatsoever, said deed to be satisfactory to said the Whitney Company, Limited, and to be a full warranty deed, both as to title, seisin and incumbrances. In witness whereof, I have hereunto set my hand and seal this 24th day of January, 1910.                    [Signed]    John Smith.
    "Witness: Russell Hawkins."

The complaint alleges the payment of $250 at the date of the contract, and that, prior to the institution of this suit, the plaintiff demanded of the defendant the conveyance, and tendered the balance of the purchase price ($200), but that the defendant has failed and refused to execute the conveyance, disputes the plaintiff's right to the possession of the premises, and denies the contract *in toto*. The plaintiff further alleges bringing into court the balance of the purchase price ($200), and prays for a decree of specific performance. Among other things in the answer, the defendant "admits that he has denied that he ever entered into a contract, such as that specified in paragraph 4 of the bill of complaint," being the contract above set out. The essence of the affirmative matter of the answer is that the defendant is unable to speak, read, or write the English language; that the negotiations between himself and the plaintiff were carried on through an interpreter; that, as he understood the contract, and as it was represented to him, the plaintiff was to have only the use of the right of way over the lands in question, and not the legal title thereto, and that when the agreement was drawn up he understood it to embody the contract as he declares it

to be, and he avers his willingness to comply with such a contract, but not with the contract set out in the complaint, and which he denies. The new matter of the answer is traversed by the reply. A hearing before the court resulted in a decree according to the prayer of the complaint, and the defendant appeals.

DISMISSED WITHOUT PREJUDICE.

For appellant there was a brief over the name of *Mr. A. W. Norblad.*

For respondent there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin,* and *Messrs. Charles W.* and *George C. Fulton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. At the hearing the following occurred on the question of tender: A witness for the plaintiff was asked this question:

"What, if anything, did you do toward tendering this sum of money to Mr. Smith?

"A. It was offered, I think, by Mr. Edwards—John D. Edwards, of our firm—and offered in gold or notes, or by Mr. Spencer, I am not certain which of the gentlemen, or, perhaps, both; but Mr. Smith reported to me. He claimed he did not understand what they were at, and he would not have anything to do with it; his wife would not sign the deed; and consequently he would not take the money."

Defendant objected to this as hearsay and not sufficient to prove a tender. The plaintiff rested its case on this evidence of tender, and the defendant declined to give any testimony; whereupon the court made findings of fact and conclusions of law and decree in favor of the plaintiff, as before stated. The defendant now urges that this testimony was not only hearsay, but that it failed to show that the plaintiff offered performance prior to the commencement of the suit. We think, however, the objection is not available for the benefit of

the defendant, because, as he admits having denied the contract, which is virtually a disavowal of any liability thereunder, the law does not require the plaintiff to do the vain thing of tendering payment to a man who refuses in advance to be bound by any provision of the contract. In our judgment, under such circumstances, proof of a tender was unnecessary. *West* v. *Washington Railway Co.*, 49 Or. 436 (90 Pac. 666); *Guillaume* v. *K. S. D. Land Co.*, 48 Or. 400 (86 Pac. 883: 88 Pac. 586); *Merrill* v. *Hexter*, 52 Or. 138 (94 Pac. 972: 96 Pac. 865); *Livesley* v. *Krebs Hop Co.*, 57 Or. 352 (97 Pac. 718: 107 Pac. 460: 112 Pac. 1).

2. The defendant now urges for the first time that the complaint does not state facts sufficient to constitute a cause of suit, and argues that the decision should be reversed and the suit dismissed on that ground. It has been often held by this court that such an objection is never waived, and can be raised for the first time in the appellate court. *Mack* v. *City of Salem*, 6 Or. 275; *Wyatt* v. *Henderson*, 31 Or. 48 (48 Pac. 790); *Robinson* v. *Holmes*, 57 Or. 5 (109 Pac. 754).

3. The defendant contends that, inasmuch as it is alleged in the complaint that the plaintiff, at and before making of the contract set forth, was and is now the "legal owner and holder of the legal title to all of said property," it is shown on the face of that pleading that it was at all times impossible for the defendant to comply with the contract and convey an estate which he did not have in the property, and could not obtain, except by purchase from the plaintiff itself. The plaintiff is contending here for a decree against defendant, requiring him, in the very words of the contract, to convey a fee-simple title to all real estate mentioned, free and clear from all liens and incumbrances whatsoever, said deed to be a full warranty deed, both as to title, seisin, and incumbrances. Not having such a title, the defendant

cannot comply with the demand of the plaintiff; and hence specific performance will be refused. *Ormsby* v. *Graham,* 123 Iowa, 202 (98 N. W. 724); *Neuforth* v. *Hall,* 6 Kan. App. 902 (51 Pac. 573); *Flackhamer* v. *Himes,* 24 R. I. 306 (53 Atl. 46); *Hudson* v. *Max Meadows L. & I. Co.,* 99 Va. 537 (39 S. E. 215); *Peters* v. *Van Horn,* 37 Wash. 550 (79 Pac. 1110); *Gregg* v. *Carey,* 4 Cal. App. 354 (88 Pac. 282); *Pub. Serv. Corp.* v. *Hackensack Meadows Co.,* 72 N. J. Eq. 285 (64 Atl. 976); *Saxon* v. *White,* 21 Okl. 194 (95 Pac. 783); *Clifton* v. *Charles,* 53 Tex. Civ. App. 448 (116 S. W. 120); *Enslen* v. *Allen,* 160 Ala. 529 (49 South. 430); *Morrisey* v. *Strom,* 57 Wash. 487 (107 Pac. 191); *Baumgartner* v. *Corliss,* 115 Minn. 11 (131 N. W. 638); *Laubengayer* v. *Rhode,* 167 Mich. 605 (133 N. W. 535).

There are cases like *Thompson* v. *Hawley,* 16 Or. 251 (19 Pac. 84); *West* v. *Washington Ry. Co.,* 49 Or. 436 (90 Pac. 666), and *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431), where the vendor may elect to take a partial title *in pro tanto* performance of an agreement to sell real property, and have a reduction of the purchase price sufficient to cover outstanding liens, or reimburse him for what he necessarily paid to perfect the title. Such precedents do not apply, however, to a case like this, where plaintiff affirms complete title in itself, makes no waiver, and demands specific performance in full.

4. Another reason why equity would not interfere to compel specific performance on such a complaint is that the plaintiff, on its own statement, has a complete and adequate remedy at law. If, in fact, it is the owner in fee simple, and entitled to the immediate possession of the premises in dispute, the ordinary action of ejectment at law would serve every purpose; and hence equity will decline to exercise its functions on such a complaint.

5. The pleadings in this case are loosely drawn; the complaint being defective in the respects already pointed

out. The answer is subject to much criticism. Many of the denials verge very strongly on the literal denials condemned in such cases as *Moser* v. *Jenkins,* 5 Or. 447, and *McCormick Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189). The case was presented to the circuit court solely on the question of tender, and, as we have seen, was rightly decided on that point. We cannot, however, overturn the long line of decisions to the effect that the objection that the complaint does not state facts sufficient to constitute a cause of suit is never waived, and can be raised for the first time on appeal. The complaint being amenable to that objection, as we have shown, there is no recourse but to reverse the decree of the circuit court. The true interests of the parties, however, should not be decided or jeopardized upon a mere quip; and, believing that the real merits of the controversy have not been reached or determined by the litigation already had, the suit will be dismissed without either party recovering costs or disbursements from the other, and without prejudice to any other litigation which the parties may feel advised to undertake in the premises.

Dismissed Without Prejudice.