Argued February 28, affirmed April 17, 1928.

EGIDIO E. TORTORA ET Ux. *v.* WILLIAM ELBERT WYATT ET AL.

(266 Pac. 251.)

Specific Performance—In Suit for Specific Performance of Agreement to Exchange Land, Failure to Allege Plaintiffs were Owners When Bringing Suit Held not Fatal.

1. In suit for specific performance of agreement to exchange land where complaint alleged that both parties were owners of land on date of contract, and contract, which was set up as exhibit to complaint, showed respective parties were owners on that date and alleged that plaintiffs were able, ready and willing to perform,

1. See 25 R. C. L. 330.

failure to allege that plaintiffs at time of bringing suit were owners of land which they proposed to exchange *held* not fatal.

**Specific Performance—Where Defendant Repudiated Contract to Exchange Land, Plaintiffs Need not Satisfy Mortgage or Pay Difference Agreed on Before Suing for Specific Performance.**

2.   Where defendant had never been ready or willing to perform his part of contract to exchange land and had refused without cause to carry out same and had expressly repudiated contract, plaintiffs were not required to satisfy mortgage on their land or pay sum required to be paid by them to equalize value of two tracts of land in accordance with contract before suing for specific performance, but it was enough that plaintiff was ready and willing and offered in his pleadings to perform.

Fraud, 27 C. J., p. 68, n. 25.
Specific Performance, 36 Cyc., p. 702, n. 4, p. 773, n. 52.

From Benton: G. F. Skipworth, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. Mark V. Weatherford.*

For respondents there was a brief over the names of *Mr. L. G. Lewelling* and *Mr. Fred McHenry,* with an oral argument by *Mr. Lewelling.*

McBRIDE, J.—This is a suit to enforce the specific performance of an agreement to exchange land. The agreement, which required the performance of many conditions, sets forth that plaintiffs Tortora and wife were the owners of certain described land situated in Benton County, and that the defendant Wyatt was the owner of certain described land in the same county. There is a general agreement on the part of defendant to remove certain mortgages, and to make good the title, all of which is not material in this case.

2.   See 25 R. C. L. 321.

The defendant Wyatt answered setting up as his main defense that the plaintiffs, at the time that the contract was entered into, fraudulently represented to him that there was a deeded road in a southeasterly direction from plaintiffs' land to the public highway; that upon investigation defendant discovered that there was no such deeded road; that in the absence of such road he was cut off from access to said public highway; that without said road the land of plaintiffs was of very small value, and that he relied upon these representations and would not have made the contract but for his belief in plaintiffs' assertion that such road existed.

Upon a careful examination of the testimony, we think that the defendant has not shown by a preponderance of the testimony, or, indeed, by any testimony, excepting his own, that such a representation was made, and that his defense is not established.

1. We may add that there was a demurrer to the complaint on the ground that defendant did not state that plaintiffs, at the time of bringing the suit, were the owners of the land which they proposed to exchange with defendant. While it would have been better pleading to have so alleged, we do not think that the failure to do so was fatal to the complaint. The complaint alleges that both parties were the owners of the land on the date of the contract, and the contract, which is set up as an exhibit to the complaint, shows that the respective parties were the owners on that date.

The complaint also alleges that the plaintiffs have always been and are now able, ready and willing to perform their part of the contract, and the answer admits that the defendant is the owner of the land, which he bargained to convey, and does not in any

way raise the question as to any failure of consideration by reason of plaintiffs not being the owners of the land which they agreed to convey.

The allegations in the complaint are much stronger in this case than in the case of *Larrabee* v. *Bjorkman,* 79 Or. 467 (155 Pac. 974), in which we held that a pleading similar to this was sufficient.

Among other things required of plaintiffs, by the terms of the contract, were the following stipulations:

"The first parties agree that they will make and execute under their hands and seals, a good and sufficient warranty deed to said Parcel A (plaintiffs' tract) warranting said premises to be free and clear from all encumbrances except 1924 taxes, which said taxes the second party assumes and agrees to pay, in which the second party shall be the grantee, and deliver the same to the second party, within thirty (30) days from the date thereof, and contemporaneously with the delivery of deed by the second party, as herein provided; it being understood and agreed that the mortgage in the principal sum of three thousand dollars ($3,000.00) and amounts due by reason thereof to Mary Wyatt now a lien against said Parcel A, shall be paid by said first parties and said mortgage caused to be satisfied prior to the delivery of said deed to said Parcel A, and said first parties hereby agree to cause said mortgage to be so satisfied."

2. It is alleged that plaintiffs are in default by reason of never having satisfied the above-described mortgage, but it clearly appears that plaintiffs have always been ready, willing and prepared to satisfy the mortgage, but that defendant has never been ready or willing to perform his part of the contract and has refused, without cause to carry out the same, and has expressly repudiated the contract.

Under such circumstances, plaintiffs were not required to satisfy the mortgage or to pay the sum of $1,000 required to be paid by them to equalize the value of the two tracts of land. It is clear from the testimony that the defendant did not intend to comply with his part of the contract and has never made a single move in that direction. Under those circumstances, a tender of the money or cancellation of the mortgage would have been an idle ceremony.

The rule is well stated in *Bateman* v. *Hopkins,* 157 N. C. 470 (73 S. E. 133, Ann. Cas. 1913C, 642), as follows:

"Where a vendor repudiates the contract, and thereby indicates that a tender of the price will be refused, tender of payment by the purchaser before suing for specific performance is unnecessary, but it is enough that he is ready and willing and offers in his pleading to perform."

We find no reversible error in this case and the decree of the lower court is affirmed.        AFFIRMED.

RAND, C. J., and COSHOW and ROSSMAN, JJ., concur.