Argued January 9, reversed February 6, 1952

# WOODS *v.* DIXON
240 P. 2d 520

*Laurence Morley* argued the cause for appellant. With him on the brief were Morley & Thomas, of Lebanon, and Willis, Kyle & Emmons, of Albany.

*John A. Boock,* of Albany, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and TOOZE, Justices.

## LATOURETTE, J.

Verdict for the plaintiff in a replevin action. Plaintiff and defendant entered into an oral contract whereby plaintiff agreed to sell and defendant agreed to purchase a certain truck on which there was a balance payable under a chattel mortgage of the sum of $7,950, executed by plaintiff to a third party. The chattel mortgage covered not only the truck but also a Buick sedan, and was payable in installments of $450, there being at the time of the sale a default in payment thereon of the sum of $750. It was agreed between the parties that defendant would pay to plaintiff the sum of $750 and the next two installments, when due, aggregating $900, it being contemplated that the total of $1,650 would be paid by plaintiff to the mortgagee, at which time the mortgagee would release from the chattel mortgage the sedan. It was agreed that the defendant would thereafter keep up the installment payments

on the chattel mortgage. At the time the contract was entered into, defendant paid plaintiff $750, whereupon plaintiff gave possession of the truck to the defendant. Plaintiff claims that the defendant failed to pay in the $900, and by reason of such default, he was entitled to recover possession of the truck. He brought replevin action, executed the appropriate affidavit and bond and secured the immediate possession of the truck.

Defendant in his answer denied that the plaintiff was entitled to possession of the truck and counter-claimed for damages for its alleged illegal seizure. The case came on for trial before a jury and plaintiff prevailed. Defendant appeals.

██ The first and second assignments of error are directed to the court's failure to allow defendant's motion for a directed verdict and the failure to grant defendant's requested instruction to return a verdict in favor of the defendant. It is well settled that a motion for a directed verdict must specify the grounds therefor. No grounds having been stated for either the motion or the requested instruction, we cannot consider these assignments of error. *Ingalls v. Isensee,* 170 Or 393, 133 P2d 614.

Assignment of Error No. III follows:

"The Court erred in refusing to give to the jury defendant's requested instruction No. 5, to-wit: 'If you should find from a preponderance of the evidence that at the time of the payment to plaintiff of the sum of $750.00 by the defendant that the plaintiff agreed to give the defendant a contract in addition to the hand-written instrument given at the time of such payment and that the defendant was demanding such contract prior to the payment of an additional $900.00, then an offer to pay the said sum of $900.00 upon such contract being tendered would not be a conditional or contingent offer

and if you should find from a preponderance of the evidence that the defendant or his representatives did make an offer in good faith to pay said sum of $900.00 on or before the 22nd day of June, 1948, and that the defendant was ready and able to pay said sum on or before June 22, 1948, and that the plaintiff refused to accept such payment and to give the defendant any contract then the defendant could not be considered to have been in default or to have violated any contract which might have been entered into and which called for a payment of $900.00 by June 22, 1948, and the plaintiff's repossession of said truck and trailer on June 22, 1948, would have to be considered as being in violation of the defendant's right, even though the sale was conditional and not absolute.'

"To which defendant excepted as follows:

" 'MR. EMMONS: If the Court please, the exception of defendant is confined to the failure of the Court to give requested instruction No. 5.'

"Which exception was allowed."

It is seen that the above requested instruction is predicated on an alleged tender, dated June 21, 1948, the same being as follows:

"Mr. Ray Woods
"432 So. Denver
"Albany, Oregon

"Dear Mr. Woods:

"Approximately thirty days ago my client, Dale Dixon, entered into an agreement with you whereby he was to purchase a certain Reo truck owned by you. It was your agreement that if he would assume the balance of $7950.00 which was due on the truck, it would become his property. You were anxious to do this because you were in danger of losing your Buick automobile which was also included in the mortgage. You were especially anxious that the $750.00 payment then due, be paid promptly. Mr.

Dixon advanced the $750.00 for you and to date you have failed to give him a contract on the truck, protecting his $750.00, although you have given him possession.

"According to my understanding, there is due on the truck mortgage the sum of $900.00 on June 22nd. You were advised by Mr. Dixon, and are again advised by him, that he is ready, willing and able to pay the said $900.00 on the mortgage and that the same would have been paid today had you not notified him that you have reneiged on your agreement. It appears now that you want to take the truck back and not complete the sale. You are notified that we intend to bind you to your agreement and hereby request that you deliver to us a contract, or other evidence of title, so that we can secure the other $750.00 paid to you and also secure ourselves for the $900.00 which we are ready to pay at this time.

"We do not intend to have trouble with you if it can be avoided and if you still insist on re-taking the possession of the truck, it is possible that we could make a deal with you which would be fair to both of us. We would want our $750.00 back and the money expended by us on the improvement plus the driving wages, etc., to which we are entitled, since we have had possession of the truck. We will credit you with the earnings of the truck during that period of time and would therefore be a balance due us of $708.00, and if you are prepared to pay that sum to us, we would be willing to cancel the contract and allow you possession of the truck. We must have cash, however, if this proposition is accepted.

"Please let us hear from you as soon as possible.

"Very truly yours,

"MORLEY & THOMAS,
"By: /s/ L. Morley"

It was asserted by defendant throughout the trial that at the time the agreement was entered into plain-

tiff agreed to furnish defendant with a written contract embracing the terms of the oral contract, and that when he made the aforementioned tender he was "ready, willing and able" to pay over the $900, provided plaintiff complied with his obligation under the agreement to furnish a written contract. There was evidence adduced at the trial in accordance with defendant's theory.

■ It is the law that a tender, in order to be effectual, must be absolute and unconditional; however, a tender may be good if accompanied by a condition upon which the buyer has a right to insist. *Comstock Mfg. Co. v. Schiffmann et al.*, 113 Or 677, 234 P 293; *Lowe v. Harmon*, 167 Or 128, 115 P2d 297; 52 Am Jur, 232, § 24.

The tender hereinbefore set out included a condition, the furnishing of a written contract by plaintiff, on which, according to defendant's theory, he had a right to insist.

Plaintiff argues that defendant's tender was not sufficient because the money was not brought into court. Section 10-920, OCLA, reads as follows:

" * * * When in any action or suit for the recovery of money or damages only, the defendant shall allege in his answer that before the commencement thereof he tendered to the plaintiff a certain amount of money in full payment or satisfaction of the cause of action or suit, and now brings the same into court and deposits it with the clerk for the plaintiff, if such allegation of tender be found true, and the plaintiff do not recover a greater sum than the amount so tendered, he shall not recover costs off the defendant, but the defendant shall recover them off him."

Section 72-101, OCLA, is as follows:

" * * * An offer in writing to pay a particular sum of money, or to deliver a written instrument or

specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument, or property.''

██ It will, therefore, be seen that where there is an action for recovery of money or damages, the tender must be made good by bringing the money into court, and that an offer in writing to pay money, if not accepted, obviates the necessity of producing the money, which means at the time of the tender. We held in *Equitable Life Assur. Soc. v. Boothe,* 160 Or 679, 86 P2d 960, a suit to foreclose a mortgage, including a recovery on a note, that the money must be brought into court. However, the case at bar is not for the recovery of money; it is an action in claim and delivery, and since defendant submitted a written tender, under the facts in this case, it was unnecessary for him to bring the money into court. The law does not require the doing of a vain or useless thing. 12 Am Jur, 889, 892, §§ 333, 336; *Bussard v. Hibler,* 42 Or 500, 71 P 642.

█ The court erred in not submitting defendant's theory of the case by giving the proposed instruction. Reversed.