Argued January 9, reversed and remanded April 25, 1974

WITTICK ᴇᴛ ᴜx, *Appellants, v.* MILES, *Respondent.*

521 P2d 349

*James C. Lynch* of Conn & Lynch, Lakeview, argued the cause for appellants. Also on the briefs was Thomas L. Story, Lakeview.

*Forrest E. Cooper,* Lakeview, argued the cause and filed a brief for respondent.

O'CONNELL, C. J.

This is a suit for specific performance of an agreement based on an earnest money receipt for the purchase of real and personal property. Defendant demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of suit in that plaintiffs had failed to allege payment of the purchase price into court. The trial court sustained the demurrer. Plaintiffs refused to plead over and the trial court dismissed the suit. Plaintiffs appeal.

The essential facts as alleged in the complaint are as follows. On August 2, 1972, plaintiffs signed an earnest money receipt with an agent of defendant's predecessor in interest for the purchase of a ranch in Lake County, at a total purchase price of $75,000. The sale embraced both real and personal property including water rights, crops, cattle and machinery. At that time, plaintiffs paid $6,000 as an earnest money deposit. Defendant's predecessor in interest subsequently signed the earnest money receipt. Plaintiffs took possession of the ranch on September 1, 1972, pursuant to the terms of the agreement. Some time later plaintiffs paid an additional $16,500 and thereafter were at all times ready, willing and able to pay the balance of $52,500 upon defendant's tender of a deed and title insurance, as required by the earnest money agreement. Defendant's predecessor refused to provide the deed and insurance and instead repudiated the contract and returned to plaintiffs the $22,500 they had paid. Plaintiffs then brought this suit for specific performance. As noted above, plaintiffs did not plead payment of the balance into court, and defendant demurred. During a hearing on the demurrer, plain-

tiffs tendered to defendant in open court a cashier's check for $75,000, which defendant refused. The court sustained defendant's demurrer and plaintiff appealed.

Whether it is necessary to keep a tender good by paying money into court is a question upon which there is conflict and confusion in the cases. A part of the confusion arises out of the fact that some courts do and some do not distinguish between equitable and legal proceedings in applying the rule as to whether a tender must be kept good by making a deposit in court. It is commonly said that the rules in respect to tender are much more liberal and flexible in equity than at law and that ordinarily it is not necessary to pay money into court upon filing a suit in equity.[1] Some courts purport to distinguish between cases where tender is "the very foundation" upon which plaintiff's cause of action depends, and cases where this is not so, requiring payment into court in the former but not in the latter.[2] Thus, in a suit to enforce a statutory right of redemption after a tax or mortgage foreclosure, it is held that the tender must be made into court.[3] And "when the tender and its refusal are the basis of a suit for affirmative relief from an instrument or contract, or from threatened action thereunder, it is commonly held that the tender must be kept good." 12 ALR at 945. *Cf., Woods v. Dixon,* 193 Or 681, 240 P2d 520 (1952).

Other distinctions have been made which are not uniformly recognized by the courts, thus contributing

---

[1] *See* Annotation: Necessity of Keeping Tender Good in Equity, 12 ALR 938, and cases cited therein.

[2] *Id.* at 948.

[3] *Ibid.*

to the conflict of authority and confusion.[④] The Oregon cases reflect this confusion. Although it is possible to reconcile some of the cases requiring payment into court with those which do not, there are cases in Oregon which are irreconcilable.[⑤]

■ Assuming, without deciding, that there may be cases in which a tender into court should be required upon the filing of the suit, we do not think that such requirement should be a concurrent condition to the filing of the suit in the present case. In most jurisdictions it is held that payment into court is not necessary in filing a suit for specific performance.[⑥] We have so held on the ground that to require payment into court when the seller has renounced the contract would be to require the doing of a vain and useless thing.[⑦] We reaffirm that view and repudiate statements to the contrary in our previous cases.

■ Defendant argues that payment into court should be required in this case because plaintiffs were in possession of the property at the time of suit, and that if plaintiffs should eventually surrender possession of the property and dismiss this suit "they would be

---

[④] *See* footnote 1.

[⑤] Without attempting to determine whether they are or are not reconcilable, the following Oregon cases which assert that tender must be kept good [Guillaume v. K.S.D. Land Co., 48 Or 400, 86 P 883, 88 P 586 (1906); Milton v. Hare et al, 130 Or 590, 280 P 511 (1929); Equitable Life Assur. Soc. v. Boothe, 160 Or 679, 86 P2d 960 (1939)] should be compared with the following cases which say it is not necessary [Tortora et ux v. Wyatt et al, 125 Or 240, 266 P 251 (1928); Temple Enterprises v. Combs, 164 Or 133, 100 P2d 613, 128 ALR 896 (1940); Woods v. Dixon, 193 Or 681, 240 P2d 520 (1952)].

[⑥] See Pomeroy, Specific Performance § 364, 784 (3d ed 1936).

[⑦] Woods v. Dixon, *supra;* Tortora v. Wyatt, *supra;* Temple Enterprises v. Combs, *supra;* McCarty v. Helbling, 73 Or 356, 144 P 499 (1914).

taking their double profit with them; what the ranch earned plus what their $75,000 earned as well." The fear expressed by defendant is not well founded because equity would not permit a "double profit." If the purchaser is in possession during the pendency of the suit, he would be required to pay interest on the amount due under the contract although he would not be chargeable with rents and profits for that period.[9] If the purchaser abandons the property and dismisses the suit, the defendant would have an action for rents and profits. Whatever adjustment needs to be made between plaintiffs and defendant with respect to interest and rents and profits can be made as a part of the decree. In order to make that adjustment it is not necessary to require plaintiffs to make payment into court at the time of filing the suit.

And, as plaintiffs point out, to require such a pre-payment would result in denying equitable relief to those purchasers who could not borrow the requisite amount without putting up as security the property contracted to be purchased.

The decree of the trial court is reversed and the cause is remanded for a new trial.

---

[9] Old Time Petroleum Co. v. Turcol, 18 Del Ch 121, 156 A 501 (1931).