Eastern Bank of Alabama v. Taylor.

---

## EASTERN BANK OF ALABAMA vs. TAYLOR.

[MOTION TO ENTER SATISFACTION OF JUDGMENT.]

1. *Purchase by agent from himself.*—An agent, having authority to sell, may purchase from himself; and such purchase will be valid against all the world, except the principal, who may set it aside within a reasonable time.

2. *Payment and transfer of judgment.*—If a bank agent, having authority to collect or transfer its judgments, makes a written assignment of one of its judgments to himself, and remits to his principal the money due on it, this does not, of itself, amount to a payment or satisfaction of the judgment, as in favor of the defendant; but it is a question for the jury to decide, whether the transaction was intended as a payment and satisfaction, or as a transfer. If a transfer, and not a payment of the judgment, was really intended by the agent, no loose declarations on his part, or on the part of his principal, would convert it into a payment; and if a payment was really intended by him at the time, the character of the transaction could not be changed, as against the defendant, by any subsequent conduct on the part of the agent or his principal.

3. *Conclusiveness of declarations.*—If an agent, having authority to collect or transfer a judgment belonging to his principal, makes a written assignment of it to himself, his declaration to his principal, made at the time of remitting the money, to the effect that the judgment was *paid*, does not estop him, on a subsequent motion by the defendant to enter satisfaction of the judgment, from showing that the transaction was really intended by him at the time, not as a payment, but as a tranfer of the judgment.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THE appellant in this case recovered a judgment in said city court, against the appellee, on the 3d March, 1863, for

$4,677.84, principal, and $497.96, interest. An execution having been issued on this judgment, on the 3d March, 1866, and levied on the defendant's property, he made a motion in said city court, at the return term of the execution, to quash the execution, and enter satisfaction of the judgment, on the ground that the plaintiff had accepted and received satisfaction thereof. The fact of payment or satisfaction being denied by the plaintiff, an issue was formed between the parties, which was submitted to a jury and tried at the June term, 1866, of said city court. On the trial of said issue, the plaintiff in the judgment reserved several exceptions to the rulings of the court as to the admissibility of evidence, and also in the matter of instructions to the jury; all of which rulings are now assigned as error. The bill of exceptions purports to set out all the evidence introduced on the trial; but a summary of the material facts, as disclosed by the evidence, will enable the reader to understand the legal questions here decided.

Albert Williams was the agent of the bank in Montgomery, and had authority, as such agent, to collect or transfer its judgments. In October, 1863, said Williams, being instructed by the bank to press the collection of its claims, remitted to the bank, in Confederate treasury-notes, the amount due on the judgment against Taylor, and made an endorsement on the execution docket, transferring the judgment to himself. This endorsement was signed by said Williams as agent, purported to transfer the judgment to himself, for valuable consideration, without recourse on the bank, and was dated the 10th October, 1863; but the time when it was made was not proved. Williams was offered as a witness on the part of the plaintiff, but was excluded by the court, on the ground of incompetency. The deposition of John McNab, the president of the bank, was taken on interrogatories and cross-interrogatories, and was read in evidence on the trial. His answers were in the following words: "Witness is the president of the Eastern Bank of Alabama, and has been since its establishment in 1858." "The said bank was the holder of the bill of exchange specified in the second interrogatory, and the judgment against William Taylor was founded on said bill. He believes that

said bill was protested, but can not state positively, and does not recollect the date of the protest. Albert Williams was the authorized agent of the bank in Montgomery to collect said claim, and paid to the bank the amount of said judgment. Witness has not, at present, access to any letter or report of said agent to said bank, concerning the payment of said claim." "Said Williams, as the agent of the bank, reported the claim to the bank as paid, and it was entered on the books of the bank as paid by him. Said agent had authority from the bank to transfer any of its judgments under his control as agent, conditioned that no liability should attach to the bank by said transfers. The authority to make such transfers was not restricted to any particular judgments." [Answers to cross-interrogatories.] "As above stated, the bank received the amount of said judgment. Witness did not know that the payment was made to the bank by said Williams as an advance, and upon a transfer of said judgment to himself; but said agent was authorized to transfer any judgment, as he saw proper, so that the bank should incur no liability by such transfer. Witness has since been informed, by said agent, of such advance and transfer, and that the bank ratified the transfer. Said Williams was the agent to superintend the collection of said judgment." "The payment was made to the bank, in full of said judgment, in the fall of 1863, as well as witness now remembers, by said agent. His impression is, that the bank was urging the collection of all claims in the hands of said agent at that time. He did not know any person but said agent in the payment of said judgment. The bank has ratified the transfer of said judgment by said agent to himself." To prove the ratification by the bank of the transfer of the judgment by Williams to himself, the plaintiff offered in evidence an instrument of writing, under the seal of the bank, which, after reciting that said Williams had authority "to control said judgment, at his discretion, for the interest of said bank," that he was requested by the bank to collect its claims in his hands, and that he purchased and paid for the said judgment against Taylor, and transferred the same to himself, proceeded as follows: "Now, in consideration of the premises,

be it resolved by the president and directors of the Eastern Bank of Alabama, that the transfer of said bill of exchange, made by said Williams to himself, is ratified and confirmed, and all the interest of said bank in said bill of exchange, and in the judgment or judgments based thereon, is hereby recognized to have been transferred by virtue of the assignment made by him as aforesaid." This instrument, which was dated the 21st June, 1866, was admitted in evidence by the court, against the objection of the defendant in execution, "though he admitted its execution." The plaintiff in the judgment reserved several exceptions to the rulings of the court on questions of evidence, which require no particular notice.

The court charged the jury as follows : "The question for decision is, whether the facts in evidence constitute a payment of the judgment by Williams, or a purchase of it from the bank. If a payment, the defendant in execution is entitled to have satisfaction of the judgment entered up ; if a purchase, then the judgment still stands, and execution may issue on it. If the jury believe, from the evidence, that Williams, being the agent of the bank to *convert* and transfer its judgments, reported the judgment against Taylor to the bank, in 1863, as paid, and, at the same time, sent the amount of the judgment, and that the bank entered it on its books as paid by said Williams, and accepted it in full payment and satisfaction of the judgment—these things, taken together, operate as a payment and discharge of the judgment, upon the condition, that the defendant in execution availed himself of it ; and although the said Williams intended it as an advance, and transferred the judgment to himself, and although the bank ratified the transfer after this motion was made, such subsequent ratification by the bank could not convert the payment into a purchase, nor divest the defendant in execution of his right to avail himself of it." The court charged the jury, also, at the request of the defendant in execution, "that, if they believed all the evidence, they should find in favor of the motion." The plaintiff in execution excepted to each of these charges, and requested the following charges in writing:

"1. That it is not a payment and satisfaction of a judgment, where a third person pays the amount of a judgment against the defendant, with the intention of holding it for his own use, although he takes no transfer to himself.

"2. That if Williams, as an individual, advanced to the bank the amount of the judgment against Taylor, with no intention that said advance should operate as a satisfaction of the judgment, and, as the agent of the bank, made a transfer of said judgment to himself; and if the bank, with a full knowledge of these facts, ratified the action of said Williams, then the advance of money by said Williams does not operate as a satisfaction of said judgment.

" 3. That the transfer made by Williams to himself, was a transfer which the bank could ratify ; and if it did, the ratification relates back, and makes the transfer valid from the time it was made.

"4. That although the bank may have believed the advance made by Williams was a payment, and so treated it, under a misapprehension of the true facts, it was competent for the bank, at any time, to correct the entry, and to treat the money as an advance instead of a payment; and that the misapprehension of the bank, treating such advance as a payment, does not entitle the defendant in the judgment to a satisfaction of the judgment.

" The court refused each of these charges as asked, but gave them with the qualification, that each of said charges must be taken in connection with the general charge already given ; to which qualification, as well as to the refusal of the several charges as asked, the plaintiff in the judgment excepted. The said plaintiff requested the court to charge the jury, also, that unless Williams paid the judgment in the name of the debtor, such payment will not amount to a satisfaction of the judgment. The court refused this charge also, and the plaintiff excepted to its refusal."

The charges given, the refusal of the several charges asked, and the rulings of the court on questions of evidence to which exceptions were reserved by the plaintiff, are now assigned as error.

CHILTON & THORINGTON, and MARTIN & SAYRE, for the appellant.—1. The bank, and it alone, could affirm or disaf-

firm the act of its agent. It chose to ratify his act, and thus validated the transfer *ab initio.*—Story on Agency, §§ 210, 211, 214, 239, 240, 242, 244, 248, 250; 18 Viner's Abr. 156–7; *Stone v. Hayes*, 3 Denio, 580.

2. That the ratification refers back to the time when the transfer was made, see the authorities above cited; also, Co. Litt. 207 *a ; Foster v. Bates*, 12 Mees. & W. 226; *Heath v. Chilton*, *ib.* 631; *Hall v. Pickersville*, 1 Brod. & B. 283; *Copeland v. Merchants' Insurance Co.*, 6 Pick. 204; *Gaines v. Acre*, Minor, 141; *Reynolds v. Dothard*, 11 Ala. 534; *Dennis v. Lightfoot*, 16 Ala. 33; *Creagh & Forward v. Savage*, 9 Ala. 961; 2 Bouvier's Institutes, 27; Broom's Legal Maxims, 676; 1 American Leading Cases, 572.

3. To constitute a payment, it must be made for the purpose of extinguishing a debt, and be received for that purpose.—*Kingston Bank v. Gay*, 19 Barbour, 459; *Tankersley v. Graham*, 8 Ala. 247; *Leach v. Williams*, 8 Ala. 760; 1 Bouvier's Institutes, 314.

4. If the bank received the money from Williams under a misapprehension as to the facts, supposing it to be a payment when in truth it was an advance in the purchase of the judgment, the mistake may surely be corrected between them. It is a matter with which Taylor has no concern, and he is not injured by the correction.—7 Johns. 311.

RICE, SEMPLE & GOLDTHWAITE, *contra.*—1. Satisfaction by a stranger is good.—*Miller v. McLane*, 10 Ala. 856; *Sanders v. Br. Bank at Decatur*, 13 Ala. 353; *Brewer v. Br. Bank at Montgomery*, 24 Ala. 439.

2. An agent, having authority to collect a judgment, and to transfer it, "conditioned that no liability should attach to" his principal by such transfer, can not create in himself a right to the judgment, by transferring it to himself, reporting it to the bank as paid, and paying the amount due on it to the bank; which payment the bank accepts as a satisfaction of the judgment, and enters on its books as satisfaction. Public policy forbids that a man should be at the same time both buyer and seller, and renders void every sale by an agent of a private corporation to himself. *McGehee v. Lindsay*, 6 Ala. 16.

3. The transaction being void, because in contravention of public policy, is incapable of confirmation.—*Pettit v. Pettit*, 32 Ala. 288 ; *Chambers v. Kennett*, 14 Howard.

4. If the transaction were capable of confirmation as between the principal and agent, the ratification comes too late, so far as the defendant is concerned ; he having signified his intention to accept the payment as made for his benefit, and made his motion for an entry of satisfaction, before the alleged ratification. The law never permits a subsequent ratification, as between private individuals, to change the legal nature of the act, or to work an injury to third persons.—*Brown v. Denman*, 2 Exchequer R. 167, 188–89 ; 1 American Leading Cases, H. & W.'s Notes, (3d ed.) 572; Story on Agency, §§ 240, 241, 246.

5. So far as the rights of the defendant are concerned, Williams is estopped from denying the statements which he made to the bank, and on which the defendant has acted by making his motion in this case.—*McCravey v. Remson*, 19 Ala. 430 ; *Polk v. Harrison*, 16 Ala. 167. Nor can Williams be heard to say, that the bank, in accepting the payment made by him, and in entering satisfaction of the judgment on its books, acted under a mistake, or a misapprehension of the facts. All the facts were within the knowledge of Williams himself; and if he failed to communicate them to his principal, he suffers by his own fault, and can not complain of it.—Story on Agency, §§ 140, 451 ; *United States Bank v. Davis*, 2 Hill (N. Y.) 451 ; *Willis v. Bank of England*, 4 Ad. & El. 21.

A. J. WALKER, C. J.—In the court below, the plaintiff's judgment was adjudged to be satisfied. The bill of exceptions sets forth the entire evidence in the case, together with the charges, upon which the verdict, that the judgment was satisfied, is predicated. One Williams was, in 1863, the agent of the plaintiff, having authority to collect the judgment, or to transfer it, provided the plaintiff should incur no liability by such transfer. Williams, the agent, transmitted the amount due upon the judgment, to the plaintiff, and endorsed upon the execution docket a written transfer, without recourse, to himself; which was signed

by himself, as the agent of the plaintiff. The transfer purports to be upon a valuable consideration, the receipt of which is acknowledged by Williams, as the plaintiff's agent.

[1.] It is contended in argument, that a sale by an agent, to himself, although he has authority to sell, is absolutely void. Such is not the law. A purchase by an agent, or trustee, at his own sale, is valid, except as to the principal, or *cestui que trust*, and is not absolutely void, but void at the election of such principal or *cestui que trust*, seasonably expressed ; and is capable of confirmation, so that it can not be avoided. The points involved in this proposition have been so frequently ruled, and so thoroughly elucidated, that it is only necessary for us to refer to the different decisions on the subject, for they preclude any further investigation of it.—*Charles v. Dubose*, 29 Ala. 367 ; *Payne v. Turner*, 36 Ala. 623 ; *Andrews v. Hobson*, 23 Ala. 219, 235–236 ; *Bott v. McCoy & Johnson*, 20 Ala. 578 ; *Gunn v. Brantley*, 21 Ala. 633 ; *Creagh & Forward v. Savage*, 9 Ala. 959 ; *McLane v. Spence*, 6 Ala. 894.

A remark made in *Walker v. Palmer*, (24 Ala. 358,) might be regarded as opposing the proposition above laid down, if considered without reference to the point involved ; but, when the question of the case is observed, the decision harmonizes with our proposition. Although some of our own decisions, above cited, restrict the right of avoiding the sale to the principal, or trustee, we fortify our proposition in that regard by reference to the following cases : *Davone v. Fanning*, 2 Johns. Ch. R. 268 ; *Hawley v. Cramer*, 4 Cowen, 744 ; *Jackson v. Walsh*, 4 Johns. 415 ; *Jackson v. Van Dalisen*, 5 Johns. 47. We have found no case, English or American, which is opposed to our proposition. In New Jersey it has been held, that the *cestui que trust* may avoid a sale by a trustee to himself, by an ejectment ; and therein is a difference from the other decisions ; but the question as to the rights of the respective parties is adjudged in that State conformably to our proposition.—*Scott v. Gamble and Wife*, 1 Stockton, 218. See an able review of the authorities on the subject, in the notes to *Fox v. Mackreth*, 1 White & Tudor's Lead. Cas. in Eq., m. pp.92, 217.

The sale of the judgment by the plaintiff's agent, to himself, was valid, in the absence of the dissent of the principal. It did not need the ratification of the principal to give it a standing, until objected to, but a ratification would retroact, and place it beyond assault, even by the principal, from the date of the sale.—See the authorities *supra;* also, 1 White and Tudor's Leading Cases, m. pp. 140, 141. The doctrine, that an illegal or void contract is incapable of ratification, has no application to this case ; for the transaction is neither illegal, in the sense in which the word is used in the rule upon that subject, nor is it void. The transaction held to be void in the case of *McGehee v. Lindsay,* (6 Ala. 16,) was not a purchase by a trustee, or agent, at his own sale ; and while the court, *arguendo,* mentions with not very guarded phraseology the doctrine as to purchases by trustees at their own sales, it is obvious that the decision. was not put upon those remarks, and that the case has no analogy to this.

[2.] The question of this case is, whether Williams bought the judgment, or whether he paid it off. This question is not to be decided upon any inconsiderate and loose use of the word *payment* in reference to the transaction. If the transfer, written on the execution docket, correctly represents the transaction, then the judgment was sold to Williams, and not paid off by him. In this case, he stands as if he had a right to buy from himself, as the agent of the plaintiff in the judgment, and as such agent to transfer it to himself ; and if he did, in fact, purchase the judgment, and transfer it to himself, no other person than the plaintiff could object. In the absence of objection by the plaintiff, it stands good, and no entry upon the books of the plaintiff, that the judgment was paid, upon representation of the defendant that it was paid, would convert the sale into a payment. Neither the representation of Williams that the judgment was paid, nor the belief of the plaintiff that such payment was made, would constitute a payment. It would be evidence showing that a payment was made ; but it would not be conclusive evidence, and might be rebutted.

[3.] The declarations of a party are not conclusive upon

him, unless they amount to an estoppel. The evidence does not show that Williams wrote to the plaintiff a proposition to discharge the judgment with the money which he transmitted, and that the proposition was accepted. It does not show that the communication of Williams to the plaintiff, and the action thereupon by the bank, had the form or substance of a contract for the discharge of the judgment. The witness McNab proves nothing more than that Williams represented, as a fact, that the judgment was paid. If this representation was incorrect, we think the plaintiff is not estopped from showing the truth. Because a party may argue an ability to maintain a suit from a declaration of his adversary, and ventures to sue upon the strength of such declaration, an estoppel does not result from proving the truth. We know of no case, in which the doctrine of estoppel has ever been carried to such an extent. An estoppel does not result from a statement to a third person, made without any intent to influence the other party, if there is no breach of faith in denying the representation.— *Welland Canal Co. v. Hathaway*, 8 Wend. 483 ; *Tufts v. Hayes*, 5 N. H. 453 ; *Kingsley v. Vernon*, 4 Sand. 361.

If Williams in fact paid the amount of the judgment to the plaintiff, as a payment and discharge thereof, it would be discharged ; and a false entry upon the execution docket, of a transfer to him, would not change the case. Whether this was the case or not, was a question for the jury.

Under a recent act of the legislature, Williams will be a competent witness, and the question of his competency on the previous trial is unimportant.

Reversed and remanded.