# Enslen, *et al. v.* Allen.

*Bill for Specific Performance and Accounting.*

(Decided April 22, 1909. Rehearing denied May 11, 1909.
49 South. 430.)

1. *Specific Performance; Impossibility of Performance.*—Although the inability to perform was caused by the acts of the parties themselves equity will not decree specific performance of an agreement to convey where the respondent has no title that he can convey.

2. *Same; Contracts Enforceable.*—If property is conveyed in fraud of complainant's right to have a contract to convey specifically enforced, and the grantee in the conveyance is a party to the fraud, equity will avoid the conveyance, and the fraudulent grantee will be divested of title, and a conveyance to complainant compelled in compliance with the grantor's contract.

34—160

[Enslen, et al. v. Allen.]

3. *Same; Conditions; Offer of Performance.*—Where defendant denies complainant's right and the action is by complainant to compel conveyance of a half interest in the property, purchased by complainant and defendant's wife for their joint benefit, making defendant their agent to collect the rents, etc., but which complainant claimed that defendant purchased on mortgage foreclosure sale which he had fraudulently hastened, in order to defraud complainant of his right under the contract, complainant's demand in his bill for an accounting and his offer therein to pay what was due on his part of the contract price within the time provided by the contract was a sufficient offer of performance.

4. *Principal and Agent; Duty of Agent; Interest of Agent.*—The relation of principal and agent is fiduciary and the agent cannot purchase property in which the principal is interested, if to do so would be inconsistent with his duties as agent.

5. *Trusts; Trustees; Interest of Trustees.*—A trustee should not act for his own interest as against the cestui que trust.

6. *Same; Constructive Trusts; Fraud and Acquisition of Property.*—If respondent's wife and complainant agreed to purchase the property which was then subject to a mortgage, taking title in the name of respondent's wife, with the agreement to convey a half interest therein to complainant when he should pay his part of the purchase money, and the defendant joined in the contract for the purpose of giving his assent to and joinder in the deed of his wife to complainant for his part of the property with the agreement to collect the rent, etc., and the respondent hastened the mortgage foreclosure sale and prevented complainant from learning thereof so as to protect his interest therein and had another purchase the property for him on the foreclosure, respondent would hold the property as trustee for the complainant; hence, the complainant could compel a conveyance of his interest therein pursuant to the terms of the contract and an accounting as to rents and profits.

7. *Husband and Wife; Husband as Agent of Wife; Liability of Wife.*—A wife is liable for the acts of the husband done in pursuance of his agency for her, and be held to an accounting thereon.

8. *Equity; Footnote; Sufficiency.*—Where the footnote of the original bill required the respondents to answer all the allegations of the bill, and the bill was afterwards amended by adding certain matters to the first paragraph and by substituting a paragraph for the second paragraph, alleging the same facts generally, but stating the details differently, such amendment is not objectionable as not having a footnote, since there is nothing to show that the amendment should not fall within those paragraphs or alegations, required to be answered by the footnote to the original bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by D. F. Allen against Della W. Enslen and her husband to compel specific performance of a contract, and for an accounting. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

[Enslen, et al. v. Allen.]

GEORGE W. HUDDLESTON, for appellant.—Where a bill
is twice amended by separate papers, first by adding a
clause to a paragraph and striking out another entire
paragraph and substituting another for it, and second
by striking out an entire paragraph and substituting an-
other for it, each of the amendments alleging new and
different matter, one or both the amendments should
have a footnote appended showing the allegations
made by the amendments which complainant desires de-
fendant to answer.—Rule 11 Chancery Practice, (Code
1907, p. 1531); *Werborn v. Austin,* 82 Ala. 498; *Prest-
wood v. Troy etc. Co.,* 115 Ala. 668; *Ala. etc. Co. v.
Jones,* 62 Ala. 550; *Ladd v. Smith,* 107 Ala. 506. A bill
for specific performance must show that complainant has
performed his contract within the time fixed.—*Haggarty
v. Elyton Land Co.,* 89 Ala. 428; *Burkett v. Mumford,*
70 Ala. 428; *Bell v. Thompson,* 34 Ala. 633; *McKleroy v.
Tulane,* 34 Ala. 78; 20 Encyc. P. & P., 452; *Farmer v.
Sellers,* 137 Ala. 112. A bill for an accounting cannot
be maintained on a showing merely of a large number
of debit items on one side and of credits on the other;
such an account is not a mutual account nor is it a
complicated account within the rule giving courts of
chancery jurisdiction of the settlement of such accounts.
—*Dickinson v. Goldthwaite,* 34 Ala. 638; *Va. etc. Mfg.
Co. v. Hale,* 93 Ala. 542; *Attalla etc. Co. v. Winchester,*
102 Ala. 184. A bill for an accounting must show that
complainant has demanded an accounting of defendant
and that he has refused it.—1 Encyc. P. & P., 98; 1 Cyc.
429. A bill for an accounting must show some neces-
sity therefor and that something will be found to be due
complainant or some benefit derived therefrom.—1 Cyc.
429; *Graham Paper Co. v. Pembroke,* 124 Cal. 117 S. C.
44 L. R. A. 632.

SAM WILL JOHN, for appellee.—This bill is well filed if for no other purpose than to have an accounting of the rents actually received.—*Kirkland v. Trott,* 75 Ala. 323-4; *Gayle v. Johnston,* 80 Ala. 400-2; *McCaw v. Barker,* 115 Ala. 543-8. "Where the contract is in writing in relation to real estate, and is certain and is fair in all its parts, and is for an adequate cause and is capable of being performed, it is as much a matter, of course, for court's equity to decree a specific performance of it as it is for a court of law to give damages for the breach of it."—2 Story's Equity, Sec. 751; *Bogan v. Daughdrill,* 51 Ala. 314; *Chambers v. Alabama,* 67 Ala. 358; *Jenkins v. Harrison I. Co.,* 66 Ala. 345; 3 Pomeroy's Equity, Sec. 1407-8. Mrs. Ensley and Allen were tenants in common, and therefore, Mrs. Enslen had an equitable lien on the interests of Allen for any excess she may have paid in buying the property, in removing the lien, or upon improvements.—*Newbold v. Smart,* 67 A. 326-30. Allen avers that he is able and willing, and offered to pay whatever might be justly due from him in order that he might get a conveyance of the title of one-half of the property, and he was not required to do anything more, for the failure of Enslen, the trustee, to render the account in order that Allen might see the true state of the account, and his conduct in secretly buying in the property through Henry Bernard, absolved Allen from doing anything further.—*Jenkins v. Harrison,* 66 A. 345; 3 Pomeroy's Equity, par. 1407-8.

SAYRE, J.—On September 10, 1895, Della W. Enslen and D. F. Allen entered into an agreement for the purchase of a certain lot in the city of Birmingham, and did purchase the same, for the common benefit of the parties, title to be taken in Mrs. Enslen with an agreement to convey a half interest to complainant Allen

when he should have paid his part of the purchase money. The lot was at the time under mortgage to Mrs. Lowry for $6,000, and it was the understanding of the purchasers that this or some substitutionary lien upon the property should be continued indefinitely. Of the first payment of $750, Mrs. Enslen contributed $637.50, the complainant the balance. It was agreed that Eugene F. Enslen, husband of Mrs. Enslen, should collect the rents and apply the same on purchase payments, taxes, insurance, etc., until payments between the purchasers were equalized, when complainant should become entitled to a conveyance of a half interest. It was also agreed that whenever, within two years, complainant should pay one-half of the purchase money, not including the mortgage, he should have conveyance. This time was subsequently extended to October 7, 1898. The bill alleges the receipt of rents by Enslen for his wife, except $237.50, which was received by complainant. It does not appear that complainant made further payment. The bill filed March 1, 1899, alleges that the mortgage was foreclosed under power by Mrs. Lowry on January 26, 1898, and the property purchased by one Barnard, who was acting on the procurement of Eugene Enslen, who paid the money and immediately received a conveyance from Barnard. Both before and after the mortgage foreclosure complainant demanded of Eugene Enslen an accounting of the rents, and offered to make payment of the amount due to Mrs. Enslen if Eugene would state the account. It is alleged that Eugene Enslen conceived a plan to deprive complainant of all interest in the property wrongfully and without compensation, and that he "arranged" for a foreclosure of the mortgage held by Mrs. Lowry. The preliminary recital of the agreement refers to the contract as an agreement between Mrs. Enslen and complainant. Eugene Enslen joined in its

execution. Such obligations as were assumed by him are to be found in that clause of the contract in which it was agreed that he should collect the rents, etc., already noted, and a clause as follows: "It is also agreed that Eugene F. Enslen, the husband of Della W. Enslen, party of the first part, hereby gives his consent for his said wife to make this contract and obligates and binds himself to give his assent and concurrence by joining her in a deed to be executed in compliance with the above agreement." These are the facts, according to our conception, upon which the equity of the bill depends.

If this bill were filed against Mrs. Enslen alone, it could not progress to a decree for a conveyance by her to the complainant, for the reason, appearing on the face of the bill, that she has no title to convey. A court of chancery cannot decree specific performance of an agreement to convey property to which defendant has no title, even though the want of title has been caused by the defendant's own act, as by his conveyance to a bona fide purchaser.—*Kennedy v. Hazelton,* 128 U. S. 667, 9 Sup. Ct. 202, 32 L. Ed. 576; *Fitzpatrick v. Featherstone,* 3 Ala. 40. Where, however, a conveyance has been made in fraud of the complainant's right to specific performance, the grantee being a party to the fraud, the transaction will be avoided, the fraudulent grantee divested of his title, and a conveyance compelled in compliance with the grantor's contract.—*Manning v. Pippen,* 86 Ala. 357, 5 South. 572, 11 Am. St. Rep. 46; *Kent v. Dean,* 128 Ala. 600, 30 South. 543. At the time when the contract was entered into the defendant Eugene Enslen had no title, it was not contemplated that he would acquire title, nor did he enter into any engagement to convey title. The intent of his undertaking was to give his assent and concurrence by joining with his wife in a deed to be executed by her in compliance with her agreement.

The equity of the bill as against him must rest upon the proposition that he acquired title in fraud of the complainant's right, and so must be treated as a trustee for the complainant. This, in turn, depends upon the theory that when he undertook to act as the agent of his wife and complainant to collect and manage the rents and apply the same on purchase payment, taxes, insurance, etc., he became a trustee for them in such sort as denied him the right to purchase for himself at the mortgage sale. The relation of principal and agent where the agency is for the management of an estate is a fiduciary, one, and is governed by the rules which pertain to relations of trust and confidence. The agent may not during the agency assume any relation with others or do any act which is in conflict with the interest of his principal. The trustee may not expose himself to the suggestions of self-interest.—1 Perry on Trusts, § 206; *Adams v. Sayre*, 70 Ala. 318. An agent is not permitted to purchase property when he has any duty devolved on him inconsistent with the character of a purchaser.—*Adams v. Sayre, supra*. But, after the agency is terminated, the agent may act for himself subject only to those restraints of good faith and fair dealing which must obtain in all transactions.—*Scottish Union Ins. Co. v. Dangaix*, 103 Ala. 388, 15 South. 956. We think, then, that if the defendant Eugene Enslen during his agency to manage and collect rents and apply them to complainant's advantage in effecting the purchase of the property, arranged for the hastening of the foreclosure of the mortgage—no objection being taken to the generality of the charge—thus precipitating the emergency upon complainant, and schemed and practiced to keep complainant in the dark meanwhile, in order that he might not be prepared to meet it, his mala fides projected beyond the foreclosure, which, in the absence of fraudulent pro-

curement, would have terminated his agency and trusteeship, and he must be held at the option of the complainant, to have purchased as trustee for him.

An accounting is sought as ancillary to the remedy by specific performance. The matters of which an accounting is demanded are peculiarly within the knowledge of the defendant Eugene Enslen, and equity must assume jurisdiction to compel an accounting, for so only may it be known how the defendant has acted in the execution of his agency.—(*Mackenzie v. Johnston,* 4 Madd. 373) and so the only right to specific performance made available and complete. It was the duty of Enslen to keep an account of his stewardship, and on request to submit his account to his principal.—1 Andrews Am. Law, p. 835. This duty rested upon him whether he received rents before foreclosure as agent for his wife and the complainant or afterwards for himself. In either case, he was, on the hypothesis of the bill, trustee for complainant. Mrs. Enslen also must account for the acts of her agent. The demand for an accounting and offer to pay what might be found due met by a denial of complainant's right within the time limited by the agreement and its extension—the validity of the extension not being brought into question by the demurrer—was a sufficient offer to perform by complainant.—*Adams v. Sayre, supra.*

The footnote appended to the bill in its original form was as follows: "The defendants are required to answer all of the allegations of this bill, but an answer under oath is hereby waived." In the bill as last amended there is an addition of matter alleged to paragraph 1, while a new paragraph is substituted for paragraph 2. The substituted paragraph 2 deals in general with the facts alleged in original paragraph 2, but states the details differently. The demurrer took the objection that

the amendment had no footnote. In *McKenzie v. Bald-ridge*, 49 Ala. 564; *Paige v. Breadfoot*, 100 Ala. 610, 13 13 South. 426, and *Barnett v. Tedeschi*, 154 Ala. 474, 45 South. 904, it was held that footnotes in the general form adopted in this case were a compliance with the rule. The amendments became a part of the bill, and there is nothing to exclude the idea that they fall within those parts required to be answered. The footnote served the only intelligible purpose which can be as-signed to it. It informed the defendants of what they must answer, and this it did as well after amendment as before.

Affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.