Roy Realty Co., Inc., *et al. v.* Burkhardt.*

(Division A.   Feb. 7, 1927.)

[111 So. 289.   No. 26243.]

1. Principal and Agent. *Agent employed to sell land may not buy it without principal's consent.*

   An agent employed to sell land is without right to buy it himself without consent of his principal.

2. Principal and Agent. *Under contract for sale of land at stipulated price net to vendor, agent was without right to buy property without principal's consent.*

   Under contract for sale of land at stipulated price net to vendor, agent was without right to buy property himself without principal's consent, since contract simply required agent to sell for amount in excess of stipulated price to cover compensation,

and did not relieve him from duty of obtaining best price for principal.

3. PRINCIPAL AND AGENT.  *Vendor held not to have ratified agent's sale to himself after receipt of letter after sale, advising him of name of purchaser.*

Vendor *held* not to have ratified sale of property by agent to himself without vendor's consent after receipt of letter of remittance, advising him of name of purchaser after sale, since at such time sale had been consummated, and vendor had right to rescind or compel accounting for profit on resale.

---

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 700, n. 73; p. 701, n. 74; p. 702, n. 79, 88; p. 703, n. 93, 95. On right of real estate broker to purchase real estate listed with him for sale, see annotation in 20 L. R. A. (N. S.) 1158; L. R. A. 1918F, 790. 4 R. C. L. 277; 1 R. C. L. Supp. 1102; 4 R. C. L. Supp. 260.

APPEAL from chancery court of Hancock county.

HON. V. A. GRIFFITH, Chancellor.

Suit by Dr. C. F. Burkhardt against the Roy Realty Company, Inc., and others. Decree for complainant, and respondents appeal. Affirmed.

*W. L. Guice, Jno. L. Heiss* and *Mize & Mize,* for appellant.

*Appellants were entitled to a decree.* (1) There was no fraud shown and the Roy Realty Company, Incorporated, had the right to buy the property. The listing of this property by Dr. Burkhardt, the complainant and appellee, with Leon J. Roy, as an individual, for sale at ten thousand dollars net to Dr. Burkhardt, necessarily carried with it the inference that all over the sum of ten thousand dollars received for the property would go to Leon J. Roy. Dr. Burkhardt did not care to whom Roy sold the property; all he wanted or expected was ten thousand dollars net to him for the property; and Leon Roy, as an individual, in good faith absolutely, made every effort to sell the property through various methods, to various parties. Then the corporation de-

cides that this piece of property would be a reasonably good investment for the corporation and, accordingly, buys it.

The corporation was never the agent of Dr. Burkhardt. The rule of law that a broker cannot buy from himself is not applicable here because the broker did not buy, but a corporation. Under the facts as disclosed in this record, the Roy Realty Company, Incorporated, had the right to buy this property. *Holliman.* v. *Lindsay,* 110 Miss. 365.

The case is different where a broker has property listed with him to obtain the best price possible, or where he is given a minimum and maximum price, and receives a stipulated commission on the selling price, from a case where the property is listed with the broker at a net price to the owner as in the instant case. 4 R. C. L. at page 277; *Clubb* v. *Scullen,* 235 Mo. 585, 139 S. W. 420; *Harris* v. *G. M. Wagner & Sons* (Texas), 195 S. W. 351.

The entire transaction having been had and done in the open, deposit made with the People's Bank, and Dr. Burkhardt having instructed the bank just how to handle all details of the transaction, we submit that the Roy Realty Company, Incorporated, was the purchaser and had the right to purchase, and that it cannot be held as a trustee for Dr. Burkhardt. 9 C. J., page 536, section 38; *Deming Investment Co.* v. *Myer,* 19 Okla. 100, 91 Pac. 46; *Complin* v. *Biggs,* Man. 13 Dom. L. R. 27, 49 Can. L. J. 622, 24 West. L. R. 871.

(2) Dr. Burkhardt with full knowledge of all the facts, ratified the sale to Roy Realty Company, Incorporated, by receiving the money and using it after he knew that the Roy Realty Company, Incorporated, was the purchaser. The law is well settled that when an agent disobeys instructions or purchases property himself listed with him for sale, the owner, if he desires to disaffirm, must do so at once, and cannot do so after he accepts the fruits of the transaction, with full knowledge of all the facts, as Dr. Burkhardt did in this trans-

action. *Myer-Weiss & Co.* v. *Morgan,* 51 Miss. 21; *Clar Christianson* v. *Mille Locks Land & Loan Co.,* 31 L. R. A. (N. S.) 536 and note; *Stewart* v. *Mather,* 32 Wis. 345; *Reed* v. *Reed,* 82 Pa. 420; *Field* v. *Farrington et al.,* 19 L. Ed. (U. S.) 923; *Sims* v. *Miller,* 34 A. S. R. 762; *Van Dusen-Harrington Co.* v. *Jungerblut,* 75 Minn. 298; *Grimes* v. *Sanders et al.,* 93 U. S. 55, 23 L. Ed. 798; *Stewart* v. *Hayden,* 18 C. C. A. Reports 618.

Various definitions of ratification are found in 7 Words & Phrases (1st Series), page 5928. See, also, 19 Cyc., page 196; *Everman* v. *Herndon,* 71 Miss. 823. Leon Roy sold the property exactly in accordance with the instructions given him by Dr. Burkhardt. There was no discretion whatever permitted him. The market was unsteady on business property and the moment he found a purchaser willing to buy on the terms exacted by Dr. Burkhardt, it was his duty to sell to him.

Leon Roy, in dealing for Dr. Burkhardt, made such profit for him as Dr. Burkhardt had asked him to do; and having received his money and kept it with full knowledge of all the facts and having made no complaint until seven or eight months thereafter, he has certainly ratified every act that Leon Roy performed.

*T. M. Evans* and *J. L. Taylor,* for appellee.

Before the Roy Realty Company, Incorporated, could purchase this property from Burkhardt, appellee, it was the duty of said company not only to advise the principal, Burkhardt, of any changed conditions and prospective values, but also to fully advise him that the agent was making the purchase for himself. 21 R. C. L., page 829, paragraph 13. The same principle applies to real estate brokers as to other agents. 4 R. C. L., page 262, paragraph 14. The rule forbidding a broker's buying from or selling to employer is well stated in 4 R. C. L., pages 276-77, paragraph 25. The remedies are well defined in 4 R. C. L., page 278, paragraph 26.

It is clearly established by all of the evidence both of the appellee Burkhardt and the appellant Roy Realty Company, Incorporated, that the fact that the agent Roy Realty Company, Incorporated, was purchasing for itself, was concealed from the appellee, notwithstanding the agent was requested to inform him who the purchaser was.. See *Clay* v. *Cummins,* 201 Ala. 34; and also 77 So. 328.

The rule of good faith that must be observed by the agent in the discharge of his duties to his principal has been of frequent discussion by the courts. See *Keigher* v. *Savage Mfg. Co.,* 12 Md. 383, 71 Am. Dec. 600; 1 Mechem on Agency (2 Ed.), 867, 1188; *Bently* v. *Craven,* 18 Beav. 76; *Ry. Co.* v. *Poor,* 59 Me. 277; *Texas Oil Refining Co.* v. *Belchic,* 150 La. 88, 90 So. 522; *Worthington et al.* v. *Eggler,* 210 Ala. 535, 98 So. 788. *Myer-Weiss & Co.* v. *Morgan,* 51 Miss., does not justify the proceedings in this case.

Argued orally by *S. C. Mize* and *W. L. Guice,* for appellants, and *J. L. Taylor* and *T. M. Evans,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee contracted with Buehler for the purchase of a lot in the city of Biloxi, but did not receive a deed thereto, pending the receipt of which he employed Leon J. Roy, who was doing a real estate brokerage business under the name of Roy Realty Company, to sell the lot for him for ten thousand five hundred dollars or ten thousand dollars net to me.'' Afterwards a corporation was formed under the name of Roy Realty Company, of which Leon J. Roy became the secretary and treasurer.

The appellee lives in Illinois, and on the 6th day of April, 1925, the Roy Realty Company telegraphed him as follows:

''Have sold Lameuse street property net you ten thousand dollars your equity cash when deed is delivered ac-

cording to your contract have accepted deposit five hun
dred dollars wire confirmation,''—to which the appellee
answered by letter, confirming the sale, and stating that
there would be two thousand five hundred dollars com-
ing to him after the payment of the Roy Realty Com-
pany's commissions, and the balance due by him to Bueh-
ler, suggesting that the deed from Buehler be made di-
rect to the purchaser, and that the money coming to him
be deposited in a bank at Biloxi. He also requested to
be informed of the name of the purchaser; which infor-
mation, however, was not furnished him until after the
consummation of the sale.

Buehler executed the deed direct to the Roy Realty
Company as per the appellee's suggestion, and the money
due the appellee was deposited in the bank at Biloxi,
which remitted it to him, and in the letter so doing ad-
vised him of the name of the purchaser.

The deed from Buehler to the Roy Realty Company
was executed and delivered on May 23d, and on May
30th, about one week thereafter, the Roy Realty Com-
pany sold the land for sixteen thousand five hundred dol-
lars, after learning of which this suit was instituted by
the appellee to recover the profit made by Roy Realty
Company in the purchase and sale of the land. There
was a decree in accordance with the prayer of the bill
from which the appellants have brought the case to this
court.

The question presented is whether Leon J. Roy or the
Roy Realty Company of which he was the secretary and
treasurer had the right to the purchase of the land with-
out disclosing to the appellee that he or it was the pur-
chaser. The appellants admit, as of course they must,
that an agent employed to sell land is without the right
to buy it himself, without the consent of his principal;
but they say that the case at bar comes within an excep-
tion to that rule, which is that, when an agent is to re-
ceive as his compensation for making the sale all that
he can secure above a fixed price, he has the right to

purchase it himself at the fixed price without disclosing to the vendor that he is the purchaser. Such an exception to the rule does exist, but the trouble is that the case here does not come within it.

The contract here was not that the agent should sell at a fixed price and should have all in excess thereof as his compensation for making the sale, but that he should sell at a stipulated price net to the vendor. Such a contract simply means that an agent is to sell for an amount in excess of the stipulated price sufficient to cover his compensation for making the sale, and he is not relieved thereby from, but, on the contrary, is charged with, the duty of obtaining for his principal the best price he can therefor. *Turnley* v. *Michael* (Tex. App.), 15 S. W. 912; *Chezum* v. *Krcighbaum,* 4 Wash. 680, 30 P. 1098, 32 P. 109; 4 R. C. L. 277; 2 C. J. 702. The case of *Holloman* v. *Lindsey,* 110 Miss. 365, 70 So. 81, relied on by the appellants is not in point here, for the reason that the purchaser there was held not to have been the vendor's agent to make the sale.

The appellants' contention that the sale was ratified by the appellee for the reason that the letter from the bank remitting him the money to which he was entitled from the proceeds of sale also advised him of the name of the purchaser is without merit. When this letter was received by the appellee, the sale had been consummated and the right to rescind the same or to compel the appellants to account to him for the profit made by them on the resale of the land. 2 C. J. 703.

*Affirmed.*