BROUGHTON *v.* DETROIT TRUST CO.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —WAIVER.

In action of replevin against residuary legatee to recover valuable finger rings formerly owned by decedent, testimony of plaintiff's husband, showing his purchase of them from decedent for whom he acted as financial adviser and confidential agent *held,* admissible notwithstanding statute excluding such testimony as equally within knowledge of deceased, where defendant waived right to invoke the statute in calling and examining him in probate court on subject of his claimed purchase and cross-examination at the trial upon the testimony so taken (3 Comp. Laws 1929, § 14219).

2. PRINCIPAL AND AGENT—PURCHASE OF PRINCIPAL'S GOODS BY AGENT—RATIFICATION—ELECTION OF PRINCIPAL.

Unless principal consents to the agent becoming a purchaser with full knowledge of all the facts or unless the principal subsequently ratifies the transaction, he may have the sale set aside and the property returned or reconveyed to him; or, if the agent has sold the property, the principal may compel him to account for the proceeds or allow transaction to stand and compel accounting for profits.

3. SAME—SALE TO AGENT BY HIMSELF VOIDABLE NOT VOID—ELECTION OF PRINCIPAL.

Agent's purchase of rings which principal authorized him to sell, without latter's knowledge that former was purchaser, at price he could obtain from another was not absolutely void, but only voidable at election of the principal, seasonably expressed; as to the rest of the world it was valid.

4. REPLEVIN—POSSESSORY ACTION.

Replevin is a possessory action.

5. PRINCIPAL AND AGENT—RESIDUARY LEGATEE—ELECTION.

If residuary legatee of principal is vested with all the rights of election of the principal as to sale of latter's property by agent to himself, then residuary legatee was required to elect whether to ratify the sale, repudiate it and have return of the property upon restoration of payments made or recover difference between actual value of property at time of sale and amount received by principal.

6. SAME—REPLEVIN BY AGENT'S DONEE—RESIDUARY LEGATEE.

Wife, to whom agent had given rings after he had purchased them from his principal who had given him authority to sell them, without informing principal he had purchased them himself, *held*, entitled to replevy them from residuary legatee who had obtained them for alleged purpose of appraisal, since legatee was not entitled to keep price paid and also repossess rings.

Appeal from Gratiot; Searl (Kelly S.), J. Submitted April 11, 1935. (Docket No. 41, Calendar No. 38,220.) Decided May 17, 1935.

Replevin by Florence M. Broughton against the Detroit Trust Company, executor of the estate of Delia Barden, deceased, and another for the possession of two rings. Elizabeth Thomas, residuary legatee, substituted as party defendant for Detroit Trust Company. Judgment for plaintiff. Defendant appeals. Affirmed.

*William S. McDowell* (*Stanley W. Greene,* of counsel), for plaintiff.

*Alfred Kuschinski* (*Louis Rosenzweig,* of counsel), for defendant.

WIEST, J. Plaintiff brought replevin against defendant Detroit Trust Company, executor of the estate of Delia Barden, deceased, to recover posses-

sion of. two valuable finger rings.   Later, by stipula-
tion of counsel that the estate had been closed and
defendant Thomas, as residuary legatee, had been
assigned the assets of the estate, she was substituted
as defendant in the place and stead of the Detroit
Trust Company.   Plaintiff had verdict and judg-
ment, from which defendant Thomas prosecutes this
appeal.

The rings formerly belonged to Delia Barden, now
deceased.   Mrs. Barden died testate, the administra-
tion of her estate has been closed, and defendant
Thomas, as residuary legatee, claims ownership of
the rings.

Plaintiff claims that her husband purchased the
rings from Mrs. Barden several years ago, gave
them to her and they were obtained from her posses-
sion by artifice, perpetrated in behalf of Mrs.
Thomas.

Mrs. Barden lived in St. Louis, Michigan, but kept
the rings and other valuables in a safety deposit
box in Detroit.   Plaintiff's husband, William R.
Broughton, was a business man in Detroit, and acted
as financial adviser and confidential agent for Mrs.
Barden, and had access to her deposit box.

To show purchase of the rings by Mr. Broughton,
plaintiff called him to give testimony on that sub-
ject.   Defendant invoked the statute, 3 Comp. Laws
1929, § 14219, excluding testimony equally within the
knowledge of the deceased.   The objection was over-
ruled.   We need not pass upon the reasons for the
ruling given by the trial judge, for right to invoke
the statute was waived by defendant in calling and
examining Mr. Broughton, in the probate court, on
the subject of the purchase, and cross-examining
him, at the trial, upon the testimony so taken.   See

*Fox* v. *Barrett's Estate,* 117 Mich. 162; *Hayes* v. *Skeman,* 269 Mich. 473.

Mrs. Barden requested Mr. Broughton to dispose of her jewelry. He endeavored to find a purchaser for the rings. We need not set forth the correspondence on the subject. It is sufficient to say that he purchased them himself at a price he could obtain from another and, in payment, deposited money in Mrs. Barden's bank account, and placed his note for part thereof in the deposit box, without ever informing Mrs. Barden that he was the purchaser.

Defendant Thomas contends that the claimed purchase was wholly void, and that plaintiff by mere gift can claim no greater rights than could her husband.

The courts have long frowned upon an undisclosed purchase by an agent of property of a principal intrusted to him for sale. The rule is well stated in 2 C. J. p. 703:

"Unless the principal consents to the agent becoming a purchaser with full knowledge of all the facts, or unless he subsequently ratifies the transaction, he may have the sale set aside and the property returned or reconveyed to him; or, if the agent has sold the property, the principal may compel him to account for the proceeds; or he may allow the transaction to stand and compel the agent to account for any profits he has made out of it."

On the subject of undisclosed purchase by an agent see also 21 R. C. L. p. 829; *Dwight & Pierce* v. *Blackmar,* 2 Mich. 330 (57 Am. Dec. 130); *Moore* v. *Mandlebaum,* 8 Mich. 433; *People, ex rel. Plugger,* v. *Township Board of Overyssel,* 11 Mich. 222; *McLennan* v. *Cole,* 224 Mich. 225; *Palmer* v. *Shank*

*Fireproof Storage Co.*, 237 Mich. 627; *Trowbridge* v. *O'Neill*, 243 Mich. 84.

Plaintiff, by gift from her husband, stands in his shoes and defendant Thomas, as residuary legatee under the will of Mrs. Barden, at best, stands in Mrs. Barden's shoes. Now, if Mrs. Barden were living, what would be her rights and remedies? The applicable rule is stated in 2 C. J. p. 702, as follows:

"The mere fact of a purchase by an agent appointed to sell makes the sale *prima facie* voidable. Such a sale is not absolutely void, but is voidable merely, and may be rendered effectual and valid either by the express ratification by the principal with a knowledge of all the facts, or by the principal's acquiescence for an unreasonable length of time with a like knowledge of the facts, and furthermore, if the principal does not dissent no one else can object."

The purchase by Mr. Broughton was not absolutely void, but only voidable at the election of the principal; as to the rest of the world it was valid.

As said in *Eastern Bank of Alabama* v. *Taylor,* 41 Ala. 93, 100:

"It is contended in argument, that a sale by an agent, to himself, although he has authority to sell, is absolutely void. Such is not the law. A purchase by an agent, or trustee, at his own sale, is valid, except as to the principal, or *cestui que trust,* and is not absolutely void, but void at the election of such principal or *cestui que trust,* seasonably expressed; and is capable of confirmation, so that it cannot be avoided."

Replevin is a possessory action. Conceding, but not deciding, that Mrs. Thomas, as residuary legatee, was vested with all the rights of election of

Mrs. Barden, then it was for her to elect whether to ratify the sale, or repudiate it, because voidable, and have it determined in a proper proceeding and have return of the property upon restoration of the payments made, or recover the difference between the actual value of the rings at the time of sale and the amount received by Mrs. Barden on account of the sale.

Mrs. Barden wanted Mr. Broughton to sell the rings. She knew they were sold and received the purported price obtained, but did not know the purchaser was Mr. Broughton. She could not keep the money and also repossess the rings, and what she could not do her legatee may not do.

Obtaining the rings for the alleged temporary purpose of having their value appraised was close to, if not an election to seek the difference between their worth and the sum received by Mrs. Barden and, in any event, did not justify withholding them from the possession of plaintiff.

Upon the record the judgment was proper and is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.