31 So.2d 353

**MYERS, et al. v. ELLISON et al.**

**6 Div. 534.**

Supreme Court of Alabama.

June 30, 1947.

368

Arthur Fite and Newton & Selman, all of Jasper, for appellants.

Curtis, Maddox & Johnson, of Jasper, for appellees.

SIMPSON, Justice.

G. H. Myers and wife are the plaintiffs in a bill in equity to set aside a deed of 370 acres of land which they made to Dodd and Ellison, a firm of real estate brokers of Jasper, Alabama. The other defendants, except the First National Bank where the papers were deposited in escrow are Crawford and McCullar, who were sub-purchasers of some of the property from Dodd and Ellison.

Plaintiffs, who owned the land, employed Ellison as agent to sell it and first quoted a price of $9,500. Ellison interested Crawford in the property and subsequently reported to Myers that Crawford would not pay the price, but that he would pay $8,000. Ellison testified: "He [Crawford] was well known to these people [the Myerses] and he [Crawford] wanted to buy it for $8,000." (Record p. 60.) Myers first declined this latter offer but later told Ellison he would accept it if the commission would come from the purchaser, that is, Myers to receive $8,000 net for the property. Here the testimony varies. Myers says he was to reserve, for a certain reduction in price, 40 acres from the sale if he should so de-.

sire and Ellison denies this, claiming that the sale was for the entire tract "with no strings attached." At any rate, the deed was made for the entire 370 acres but was not made to Crawford at all, but Dodd and Ellison were named in the conveyance as the grantees. The Myerses executed the deed without reading it, claiming that they put dependence in Ellison that the transaction was being consummated in the manner agreed upon, that is, that Crawford was buying the entire property with their right of reserving 40 acres for themselves, if they should desire.

The evidence in certain aspects is conflicting, but after a painstaking study of the record we have become convinced Ellison led the Myerses to believe they were selling the entire land to Crawford; that he failed to advise them of anything to the contrary or that they were executing a deed to himself and his partner or that these agents were the real grantees and purchasers of the property; and that under no circumstances would the grantors have parted with title to any of the property had they known McCullar (a relative of the Myerses with whom there was bad feeling) was to be included in the scheme as a purchaser. As to the understanding about the reservation of 40 acres, we make no decision since the conclusion we have reached makes it unnecessary.

The trial court found all issues in favor of defendants and dismissed the bill, probably on the theory that since the Myerses were getting the full price, as last quoted by them, they had no just complaint. Ellison, it seems, thought likewise and when Myers offered to repudiate the transaction Ellison objected, stating that it did not make any difference to whom the deed was made. The law controlling such a transaction, however, requires a different decision.

An agent sustains a position of trust toward his principal and in all transactions affecting the subject of his agency, the law dictates that he must act in the utmost good faith and must make known to his principal each and all material facts within his knowledge which in any way af-

fect the transaction and subject matter of his agency. Lauderdale v. Peace Baptist Church, 246 Ala. 178(9, 10), 19 So.2d 538; Dudley v. Colonial Lumber Co., 223 Ala. 533, 137 So. 429; 3 C.J.S., Agency, § 138a, page 6.

The law sedulously regards this principle and acts of an agent which tend to violate this fiduciary obligation are prima facie voidable (Broughton v. Detroit Trust Co., 271 Mich. 701, 261 N.W. 115; 3 C.J.S., Agency, § 144a [2], page 22), and are considered, in law, as "frauds upon confidence bestowed." 3 C.J.S., Agency, § 138a, page 7.

Consonant with this duty of utmost loyalty and good faith, a selling agent may not himself directly or indirectly become the purchaser of the property entrusted to him for sale without the full knowledge and consent of his principal. The pertinent rule is thus stated in 3 C.J.S., Agency, § 144a, page 20: "In the absence of full knowledge or consent on the part of his principal, an agent authorized to sell or lease his principal's property may not, either directly or indirectly, himself become the purchaser or lessee. * * * and, since there will exist an inducement to act adversely to his principal's interest if the agent is involved as purchaser or lessee while making the sale or lease, such an agent must, as a general rule, sell or lease only to a third person and must not, without the full knowledge or consent of his principal, himself become the purchaser or lessee either directly or through the agency of a third person. Accordingly, without his principal's knowledge and consent, he must not become a partner or otherwise jointly interested in purchasing the property."

This court in the Lauderdale case, supra, illustrated the principle with quotations from our earlier decisions, where is the following observation: " * * * he [the agent] 'may not expose himself to the suggestions of self-interest.' Enslen v. Allen, 160 Ala. 529, 535, 49 So. 430, 431; 1 Perry on Trusts, § 206. He must not 'traffic with the subject-matter of his agency, without the consent of his principal, so as to reap

a profit for himself.' Adams, v. Sayre, 70 Ala. 318, 326." 246 Ala. at page 181, 19 So.2d at page 541.

The extent to which the law frowns on the undisclosed purchase by the agent of his principal's property is thus explained in 1 Mechem on Agency § 1198, 2d Ed.: "The law looks at the natural and legitimate tendency of such transactions, and not at the motive of the agent in any given case. This tendency is demoralizing, and the fact that in a certain case the agent's motive was honorable, or that the result is more beneficial to the principal, will make no difference if the latter chooses to repudiate it."

■ In the light of these settled principles, and the prima facie voidableness of the sale under the circumstances related, it must be held that Myers had a right to rescind the sale and the bill was well filed for that purpose. 62 A.L.R. 63, Annotation; 2 C.J., § 360, page 703; 3 C.J.S., Agency, § 144(3), page 22. True, agent Ellison may not have intended to deceive his principal and probably did not regard full disclosure of his conduct in regard to the transaction as necessary, but the law declares that he must do so and denounces a failure to do so, under the circumstances disclosed, to be a breach of the fiduciary relationship, entitling his principal to avoid the transaction and we must so hold.

The learned trial judge seemingly overlooked the pertinency of this principle in his considerations and the decree denying relief, in our view, must be reversed.

The following authorities, strikingly similar to the case at bar, fully sustain our holding: Roy Realty Co. v. Burkhardt, 146 Miss. 270, 111 So. 289; Tatsuno v. Kasai, 70 Utah 203, 259 P. 318, 62 A.L.R. 54; Norby v. Security State Bank, 177 Minn. 127, 224 N.W. 843; Dias v. Favell-Utley Realty Co., 126 Or. 227, 269 P. 207; Broughton v. Detroit Trust Co., 271 Mich. 701, 261 N.W. 115; American Mortgage Co. v. Williams, 103 Ark. 484, 145 S.W. 234; Note, 62 A.L.R. 63 et seq.

It remains to consider the question of the equities of the defendants.

■ The deed of the Myerses to Dodd and Ellison was placed and still is in escrow at the bank, where it was deposited pending the delivery of possession of the property January 1st by the Myerses and the payment of the full purchase price at that time. The deed has not been delivered nor were the conditions of the escrow met before the Myerses sued to rescind and notified all the parties concerned. A deed in these circumstances conveys no title. The rule is thus enunciated in Fuller v. Hollis, 57 Ala. 435, where Judge Stone observed: "A deed may be delivered as an escrow, to any person other than the grantee, and does not become a conveyance so long as it remains in that condition, or until the condition is performed upon which it is to take effect. Delivery is essential to the execution of a deed, and until delivered, it is no deed. * * * to be effective as a conveyance, it must appear from the circumstances that the deed has passed from the grantor with the intention of actual delivery to the grantee." 57 Ala. at page 437. See also Holly v. Dinkins, 202 Ala. 477, 80 So. 861(1); 21 C.J., § 28, page 882; 30 C.J.S., Escrows, §§ 9, 10, pages 1207, 1208.

Since the escrow deed conveyed no title to Dodd and Ellison their respective deeds to Crawford and McCullar were also ineffectual to vest title as against the Myerses, where it still reposed. 66 C.J. 1097, §§ 911, 912; Betts v. Ward, 196 Ala. 248, 72 So. 110; Livingston v. Livingston, 210 Ala. 420, 98 So. 281; Mays v. Shields, 117 Ga. 814, 45 S.E. 68; Wood v. French, 39 Okl. 685, 136 P. 734.

■ The circumstances of the case, however, make it so that in equity the money advanced by any of the defendants on the purchase price to Myers or for the discharge of existing mortgages on the property should be repaid by the plaintiffs and such respective defendants are entitled to a lien on the land or, the one who discharged the mortgages, to be subrogated to the rights of the original mortgagees, to the extent of such payment. Hunt v. Jones, 203 Ala. 541, 84 So. 718; McWilliams v. Jenkins, 72 Ala. 480; Aday v. Echols, 18 Ala. 353, 52 Am.Dec. 225.

Therefore, after remandment of the cause and the determination by the trial court of the amount of these respective ad-

vancements or payments, the trial court will enter a decree awarding a lien to the respective parties for the amounts so advanced, with the right of subrogation to the proper party under the paid mortgages, aforesaid.

There may be other equities to be adjusted between the several parties which are not made clear by the record, and remandment may be necessary for this purpose, also.

The result here reached renders it unnecessary to consider the question raised by the cross-appeal.

The decree of the trial court is reversed and one is here rendered granting the relief prayed for in the bill and canceling and holding for naught the several deeds involved in this transaction. The escrow agent will return the Dodd and Ellison deed to the plaintiffs for their disposal.

Reversed, rendered and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.