This is an appeal from a summary judgment entered in an action to rescind a conveyance of real property. The question presented is whether the trial court erred in holding that the payment of a commission to a real estate broker by a seller of real property did not create an agency relationship between the seller and the broker.
On December 13, 1984, James Alexander, the president of Bay Shore Properties, Inc. ("Bay Shore"), executed a document authorizing Meyer Real Estate to sell the property that is the subject of this dispute. On February 9, 1985, Joseph Wade Ward of Wade Ward Real Estate submitted an offer to buy that piece of property; that offer was submitted to Meyer Real Estate on behalf of Dr. Charles Norton. Ward and Norton were at the time of the conveyance, and they remain, officers and shareholders of the Drew Corporation. During the negotiations for the purchase of the subject real property, their connection with the Drew Corporation was not revealed to Alexander.[1]
Paul Abbott, a broker working for Meyer Real Estate, relayed Norton's initial offer to Alexander. Alexander rejected that offer as being too low. Shortly thereafter, Ward submitted a second "purchase agreement" to Abbott on behalf of Norton. That offer was for a higher purchase price and provided that the title to the property would be taken in the name of Norton and/or his assignees. It also provided that Abbott and Ward would act as co-brokers in the conveyance, and would split any commission *Page 34 
from the sale 60/40. Alexander accepted the second offer on behalf of Bay Shore. On March 6, 1985, Meyer Real Estate was informed that title to the property was to be taken in the name of the Drew Corporation. The closing and the execution of the deed took place on March 29, 1985, and in December 1986 part of the property was conveyed to the United States Postal Service by the Drew Corporation.
In November 1987, Alexander learned that Ward was an officer and shareholder in the Drew Corporation and had been such at the time of the conveyance. On March 8, 1988, Bay Shore filed an action against Ward and the Drew Corporation, seeking rescission of the conveyance. In its complaint Bay Shore alleged that Ward had acted as its agent during the conveyance and therefore had a duty to disclose his connection with the Drew Corporation. Bay Shore further alleged that Ward's failure to disclose that connection was fraudulent, and that, because Ward was working for the Drew Corporation, the conveyance was voidable.
On April 8, 1988, Bay Shore voluntarily struck Ward as a defendant, and on July 22, 1988, filed a motion for summary judgment. That motion was supported by the depositions of Ward and Alexander and the affidavit of Alexander. On August 4, 1988, the Drew Corporation filed a motion for summary judgment. That motion was supported by the depositions of James Alexander, George Alexander, Abbott, and Ward, and the affidavits of Norton and Ward. On October 19, 1988, the Drew Corporation's motion was granted by the Circuit Court of Baldwin County. Following the grant of that motion, Bay Shore filed an A.R.Civ.P., Rule 59(e), motion, requesting the trial court to alter, amend, or vacate its judgment. That motion was not ruled on within 90 days, and pursuant to A.R.Civ.P., Rule 59.1, was considered denied on February 1, 1989. Bay Shore now appeals from the trial court's judgment, contending that an issue of material fact existed concerning Ward's status as an agent.
The law is well settled in Alabama and other jurisdictions that an agent owes his principal a fiduciary duty and therefore must act in the utmost good faith and must make known to his principal all material facts within his knowledge that in any way affect the transaction and the subject matter of the agency. Myers v. Ellison, 249 Ala. 367, 31 So.2d 353 (1947). If an agent represents two principals without fully disclosing that dual representation to both of the principals, the resulting transaction is usually voidable by either of the principals. Barker v. First Nat'l Bank, 20 F. Supp. 185, 190
(N.D.Ala. 1937); See also, 3 C.J.S. Agency § 277 (1973). Therefore, if Ward was Bay Shore's agent, his failure to reveal his connection with the Drew Corporation could be fatal to the conveyance giving rise to this dispute. However, the obligation of full disclosure does not extend to parties who are not in a principal-agent relationship.
For an agency relationship to exist, there must be a right of control by the principal over the agent. However, it is not essential that the right of control be exercised, so long as that right actually exists. National Security Fire CasualtyCo. v. Bowen, 447 So.2d 133, 137 (Ala. 1983). In addition, there must be a meeting of the minds of both the principal and the agent as to the scope of the agent's employment. Cordes v.Wooten, 476 So.2d 89, 91 (Ala. 1985). Ordinarily, the question of whether such an agency relationship exists is one for the trier of fact, provided there is evidence in dispute. Cordes,supra, at 91.
In the instant case, the only evidence produced that would indicate the existence of any relationship between Ward and Bay Shore was evidence that Ward received a portion of the commission paid by Bay Shore as a result of the sale. However, the receipt of a commission does not, standing alone, serve to create an agency relationship. See Velten v. Robertson,671 P.2d 1011, 1012 (Colo.App. 1983); see also 2A C.J.S. Agency § 40 (1973). The remainder of the evidence, including the depositions of James Alexander, George Alexander, Wade Ward, and Paul Abbott, indicates that Ward had no contact at all with Bay Shore concerning the conveyance to the Drew Corporation. In fact, the Alexanders and Ward had met only one time before this action was commenced, and that *Page 35 
occasion was in 1984 and had no connection to the conveyance giving rise to this dispute.
There was no evidence presented to indicate that Bay Shore possessed the right to exercise any control over Ward's actions during the course of the events that led to the conveyance. In addition, the absence of any communication between Ward and Bay Shore makes a meeting of the minds between those parties impossible. Therefore, Bay Shore failed to produce any evidence that created a genuine issue of material fact concerning Ward's status as an agent. National Security, supra; Cordes, supra.
This Court finds that no agency relationship existed between Ward and Bay Shore. Ward, therefore, had no obligation to disclose his capacity as an officer and shareholder of the Drew Corporation, and Bay Shore failed to establish any grounds for rescission of the contract. The Drew Corporation was entitled to a judgment as a matter of law. Whitehead v. Johnston,467 So.2d 240 (Ala. 1985). The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Both Ward and Norton testified during depositions that the Drew Corporation had considered buying the property before Norton tendered his offer, but elected not to. Norton asserted that at the time the offers for the property were made, the purchase of the property was intended to be a personal investment. No evidence was produced to contradict these assertions.